BURNS *vs.* THE STATE OF GEORGIA.

1. The indictment in this case for harboring seamen in the city of Savannah was sufficient, being such that the nature of the offense charged cannot be easily understood.

2. Whether §§4964, 4965 of the Code, providing for taking testimony in writing in certain criminal cases, in which a shipmaster, super-cargo, seaman, etc., may be a witness, are not unconstitutional. *Quære?*

3. The notice of the taking of such testimony required by those sections must be personal. The leaving of a written notice at the residence of a party is not sufficient, and the evidence taken thereunder is not admissible.

December 19, 1884.

Criminal Law. Indictment. Evidence. Notice. Constitutional Law. Before Judge HARDEN. City Court of Savannah. February Term, 1884.

Reported in the decision.

J. J. ABRAMS, by brief, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted, under section 1552 of the Code, for harboring seamen.

1. The indictment in this case was sufficient, it being, in the language of the Code, §4628, such that the nature of the offense charged could be easily understood.

2, 3. On the trial of the case, certain testimony taken by the city judge in writing, which was the evidence of the captain of the ship to prove the desertion of the seamen, and that they were articled seamen, was offered in evidence by the state. It was objected to, upon the ground that sections 4964 and 4965 of the Code were unconstitutional, null and void, in that they violate that provision in the constitution of this state which gave the accused the right to be confronted with the witnesses which testify against him, and because this testimony was taken without notice, having been served upon the accused in person, the record showing that he was served by leaving the notice at his house or residence. These objections were overruled by the court, and defendant excepted.

We do not decide the constitutionality of this law, as it is not necessary to do so to determine this case, but it may

not be amiss to state that the constitution of this state is of force and operative in the city of Savannah.

The defendant should have been served personally with the notice that the testimony of the state's witnesses was going to be taken in writing by the judge of the city court. Having failed so to do, the objection to the admission of this evidence was good, and should have been sustained by the court.

Judgment reversed.