## WAXELBAUM & COMPANY *vs.* LIMBERGER.

1. The evidence on the material questions being directly conflicting, there was no abuse of discretion in refusing to grant a new trial on grounds based on the sufficiency of the evidence.

2. In a suit by a discharged employé to recover his wages, the fact that the defendants were not permitted to mitigate the amount of the recovery on account of what he received from others during the term of his employment by the defendants, did no injury, where the presiding judge required the amount so earned to be written off, or, in default thereof, ordered a new trial, and where this was done.

3. For the same reason, the allowance of testimony to show expenses for the purpose of lessening or absorbing the wages earned by him in other employment, and which was sought to be used to reduce the recovery, did no injury, the presiding judge having required the entire amount earned to be written off from the verdict, as the condition to the refusal of a new trial.

4. The evidence as to the competency of the plaintiff and his qualifications as a salesman being conflicting, the question of fact so raised was for the jury.

5. Though the grounds for bringing this case to this court are slight,

there is enough to prevent the awarding of damages for a frivolous exception.

February 1, 1887.

New Trial. Evidence. Practice in Supreme Court. Before Judge SIMMONS. Sumter Superior Court. October Adjourned Term, 1885.

David Limberger brought suit against J. Waxelbaum & Company, in Sumter county court, alleging that he had been employed at a salary of $1,000 per annum, and had been discharged after about four months' service. The suit was brought for a month's salary succeeding the time of discharge. The defendants pleaded (1) the general issue; (2) that the plaintiff failed and refused to comply with his contract of service, neglecting to perform reasonable and proper instructions of defendants; and that he misrepresented himself to be a first-class salesman, acquainted with the Southern trade, when, in fact, he was not a first-class salesman, but was inefficient and incompetent; and (3) that at once on his discharge, plaintiff procured other employment, for which he received $25 per month, and this was claimed as a set-off.

Seven other like suits were brought in the county court, and all of them were carried by appeal to the superior court, and there consolidated and tried together. The evidence was conflicting. As to the last plea, the plaintiff testified that he earned $85 after he was discharged by the defendants, but that he had expended about $250 in trying to get other employment.

The jury found for the plaintiff $666.64. Defendants moved for a new trial on the following grounds:

(1) Because the verdict was contrary to law, evidence, equity and justice.

(2) Because the court erred in allowing the plaintiff to prove the expenses and outlay of $250.00, or some such sum, on this writ, to lessen or absorb the set-off claimed

by defendants for profits or wages made in other employ-
ment during the time of employment.

(3) Because the jury found contrary to law as contained
in the following charge of the court: "If the plaintiff
recommended himself as a first-class salesman and well
acquainted with the Southern trade, and he was not such,
then he is not entitled to recover."

The motion was overruled on condition that the plain-
tiff would write off $85.00 from the amount of the verdict,
which was done.   The defendants excepted.

E. A. HAWKINS, for plaintiffs in error

GUERRY & SON, for defendant.

HALL, Justice.

1. The evidence on the material questions in this case
was directly conflicting, and no abuse of discretion can be
imputed to the court for refusing to grant a new trial upon
the first and second grounds of the motion, which com-
plained that the verdict was contrary to evidence and the
weight of evidence, without evidence to support it, against
the principles of equity and justice and contrary to law.

2. Nor do we think that the defendants can complain
because they were not allowed to set off the wages earned
by the plaintiff in the interval between the date of his
discharge from their service to that when his term would
have ended according to his contract with them.    True
the jury found for him the full amount of the eight months'
stipend which he claimed, without any abatement on ac-
count of what he received from others during the term of
his employment by them; but unless he deducted this
amount from the verdict, a new trial was ordered, and if
he did so, it was refused.   He complied with the condition
imposed, and thereby prevented another hearing of the
case.    This was an answer to defendant's complaint on
this score.

Waxelbaum & Company *vs.* Limberger.

3. Another ground of the motion insists that there was error in allowing the plaintiff to prove his expenses and outlay of $250.00, in order to lessen or absorb the set-off claimed by defendants for profits or wages made in other employment during the term he had contracted to serve them. If this was error, it did not hurt the defendants, since the judge required the plaintiff to write off the amount against which these expenditures were set-offs from the verdict, as the condition upon which it should stand, and with which requirement he immediately complied.

4. The remaining ground of the motion has been anticipated in considering the first and second grounds of the motion. There was certainly no question in this case more stubbornly contested, and none upon which the evidence was more decidedly conflicting, than the qualifications of the plaintiff as a salesman, competent to carry on that branch of the business and to meet all the requirements of the Southern trade. This issue was fairly submitted to the jury, and it was their province to credit the plaintiff rather than the defendants' witnesses.

5. Damages are asked for bringing the case to this court, as it is insisted, for delay only, and while it may approach, yet it does not quite reach, the point that demands a compliance with the claim, for the weight of evidence raises considerable doubt whether the plaintiff complied with the directions of the defendants to turn a customer over to the other clerks in the establishment, when he tried but failed to sell him goods. This afforded some ground, slight though it may seem, on which to found the expectation of a reversal of the judgment of the court rendered on the motion for a new trial.

Judgment affirmed.