### 14608. SMITH v. TOKIO MARINE INSURANCE CO.

STEPHENS, J. 1. The ground of the affidavit of illegality being part payment in a certain definite sum on the execution levied, and it not appearing when and to whom the amounts alleged as part payment on the execution had been paid, and the defect not having been cured by amendment, the court properly dismissed the affidavit of illegality, on special demurrer interposed upon this ground. *Terry* v. *Bank of Americus*, 77 *Ga.* 528 (2) (3 S. E. 154).

2. While the affidavit of illegality does not allege in express terms the amount due and unpaid on the execution, it must nevertheless, if amended to cure the defects above indicated, be regarded as sufficiently alleging this amount, as the same is computable mathematically by a comparison of the amounts appearing to be due upon the execution with the amounts alleged in the affidavit as having been paid thereon.

3. Although no duty rests upon a levying officer to accept and return into court an affidavit of illegality which admits any indebtedness due on the execution, until the amount admitted as due has been paid to or raised by him, yet, where he accepts such an affidavit of illegality and returns it into court, he has presumably been paid or has raised the amount alleged in the affidavit as due. That the amount admitted as due in the affidavit of illegality has not been paid to the sheriff is a matter of defense, and is not ground for demurrer. Civil Code (1910), §§ 5305, 5307, 6287.

4. The judgment is affirmed, but direction is given that, if the defendant amends the affidavit of illegality to meet the defects pointed out in paragraph 1 of the syllabus, by the time the judgment of this court is made the judgment of the court below, the case shall stand for trial upon the affidavit of illegality as thus amended, and that, upon the defendant's failure to so amend, the judgment sustaining the demurrer and dismissing the affidavit of illegality will be unconditionally affirmed. See, in this connection, *Sims* v. *Cordele*, 119 *Ga.* 597 (46 S. E. 841) ; *Willingham* v. *Glover*, 28 *Ga. App.* 394 (111 S. E. 206).

*Judgment affirmed with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1924.

Affidavit of illegality of execution; from Cobb superior court—Judge Blair.   April 21, 1923.

*Herbert Clay*, for plaintiff in error.

*Underwood, Pomeroy & Haas, E. Smyth Gambrell, Fred Morris*, contra.