15659. SOUTHEASTERN EXPRESS CO. *v.* NIGHTINGALE, executor.

STEPHENS, J. 1. Declarations made by the driver of an automobile, after it had collided with another automobile in front of a residence, to a person who, immediately upon hearing the impact of the collision, came out of the residence to the scene of the trouble, to the effect that the collision was caused by some trouble with the brakes of the car which the declarant was driving, and that he could not control his car to prevent it from hitting the other car, were, in a suit by the owner of the damaged car against the employer of the driver, to recover for damage resulting from the collision, properly admitted as part of the res gestæ of the transaction, where it appeared that the declarations were made immediately after the collision and bore such a relation to the occurrence that they were spontaneous and uncalculatingly made and were free from afterthought.

2. Where the court, after having charged the jury that if the plaintiff's negligence contributed to the injury there could be no recovery, charged them to the effect that the plaintiff would be entitled to recover upon showing that any act of negligence of the defendant contributed to the injury, the latter charge was not objectionable upon the ground that the court did not in the same connection charge as to the effect of the plaintiff's negligence in having no tail-light upon the plaintiff's automobile.

3. Without regard to the evidence as to a defect in the brakes of the automobile causing the collision, it was clearly inferable that the collision was caused by reason of the defendant's automobile not being under proper control by the driver; and the charge of the court based upon such a theory of the evidence was not error.

4. A charge that the measure of damages was the difference between the "price" of the automobile at the time it was damaged and its value afterwards was not objectionable in that the word "price" was erroneously used in place of the word "value," when immediately afterwards the court used the word "value" to express the same idea as was expressed by the use of the word "price," and elsewhere in the charge instructed the jury that in determining the measure of damages they should consider the value of the automobile at the time it was damaged.

5. Testimony as to the value of an automobile, by a witness who, it appears from the evidence, had dealt in automobiles for about ten years, was competent as opinion evidence as to value.

6. There being evidence to authorize the inference that the damage to the automobile as a result of a collision between it and the defendant's automobile was in the amount found by the jury, and it being, under

the evidence, a question for the jury as to what extent, if any, the plaintiff's negligence contributed to the damage, the verdict can not be considered as excessive.

7. The evidence authorized the verdict rendered for the plaintiff, and no error of law appears.

> Judgment affirmed. Jenkins, P. J., and Bell, J., concur.
>
> DECIDED FEBRUARY 25, 1925.

Action for damages; from city court of Brunswick—Judge Butts. April 4, 1924.

Application for certiorari was denied by the Supreme Court.

R. D. Meader, for plaintiff in error. F. M. Scarlett, contra.