## 19493. New Winder Lumber Co. v. Payne.

Bell, J. 1. In a suit to recover for injuries to the plaintiff and his wagon, and for loss of services of the plaintiff's wife, who also was alleged to have been injured, as the result of a collision between the plaintiff's wagon and the defendant's truck, in which suit the jury found a verdict for the plaintiff, there was no cause for a new trial in the fact that the court, over objection that the testimony was hearsay, allowed the plaintiff to testify, "They said the truck had five tons on it;" the plaintiff further testifying that this statement was made "at the time of the occurrence" by the person who was driving the truck. Civil Code (1910), § 5766.

2. "After stating an injury done to the plaintiff, giving all the material facts touching his physical condition, his previous capacity and present incapacity for labor resulting therefrom, it was not error to allow the witness to state how much less he could do after than before the injury." *Atlanta & West Point R. Co.* v. *Johnson,* 66 *Ga.* 259 (2); *Atlanta & West Point R. Co.* v. *Haralson,* 133 *Ga.* 231 (65 S. E. 437).

3. Where the court excluded all testimony as to pain and suffering of the wife, there was no error in allowing both the plaintiff and his wife to testify as to the nature and character of her injuries, the evidence being relevant upon the question of diminution of her earning capacity and the plaintiff's consequent loss or partial loss of her services.

4. The plaintiff's testimony, to the effect that he had spent a named amount (several hundred dollars) in doctors' bills and drugs and for labor to take his wife's place, was not subject to objection upon the ground that the plaintiff could not recover both for the loss of the services of his wife and for the money he had spent in hiring help to take her place as a laborer. The evidence appears to have been offered for the purpose of illustrating the value of the wife's services and the amount of the plaintiff's damage, and not for the purpose of establishing an *independent or additional* element of recovery.

5. Where the evidence showed, without dispute, that the plaintiff kept to the right as required by the rule of the road, and that if the wagon did not continue in its proper relative position it was because the mule became frightened and "backed" it into the truck, and where there was nothing to show that the plaintiff could have prevented such behavior on the part of the mule, nor any evidence that he was guilty of other negligence, there was no basis in the evidence for an instruction upon the subject of comparative negligence, and the court correctly omitted to charge the jury thereon. Such conduct on the part of the animal, if due to no fault of either party, amounted to unavoidable accident, and could not be charged as negligence against the plaintiff, nor constitute proper matter for comparison with the negligence of the defendant, under the comparative-negligence rule.

(a) It appearing, without dispute, that the plaintiff did comply with the rule of the road, the defendant was not harmed by the court's failure to give such rule in charge.

6. If the defendant's agent was driving the truck at an unlawful speed, and continued to do so, for a distance of several hundred yards while

approaching the place of the collision, such acts constituted a part of the res gestæ of the occurrence under investigation, and it was not improper for the court to read to the jury the allegations of the petition having reference thereto, the same being supported by some evidence, even though the entire conduct alleged included acts which could not have been accounted to be the proximate cause of the damage and were not directly declared on as such. *Atlanta Street R. Co.* v. *Walker*, 93 *Ga.* 462 (21 S. E. 48); *White* v. *Knapp*, 31 *Ga. App.* 344 (7 *a*) (120 S. E. 796).

7. It is not cause for a new trial that the court may have read in charge to the jury a section of the code or of some statute, a part of which was applicable to the case and a part inapplicable, it not appearing that the reading of the inapplicable portion was calculated to mislead the jury or was otherwise prejudicial to the rights of the losing party. *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133); *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814).

8. It not appearing that there was any negligence on the part of the plaintiff, the defendant was not harmed by an instruction that, if the mule driven by the plaintiff "suddenly backed the wagon into the motor-vehicle or truck, and if you should believe this was the main cause of the injury, . . the plaintiff would not be entitled to recover."

9. The trial judge, in allowing the plaintiff, over objection, to testify that his wife had sustained a broken rib, stated that he would admit the testimony "to show that her earning capacity was destroyed," and in the motion for a new trial it is contended by the defendant that the court erred both in admitting such testimony and in making such remark. Complaint is also made that the court erred in allowing the plaintiff and his wife each to testify that her injuries were permanent, the testimony having been objected to upon the ground that such conclusions could not properly be given by non-expert witnesses. *Held:* In view of the smallness of the verdict ($500) to cover injuries both to the plaintiff and to his wagon, and also the damage for loss of services of his wife, and in view of the absence of any evidence to show negligence on the part of the plaintiff, it is clearly apparent that the jury found against the plaintiff's contention that his wife's injuries were permanent and that her earning capacity had been totally destroyed; and therefore the errors complained of did not require a new trial. *Central of Georgia Ry. Co.* v. *Stancel*, 118 *Ga.* 142 (44 S. E. 975).

10. The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 13, 1929.

*G. A. Johns, J. C. Pratt,* for plaintiff in error.
*I. L. Oakes, Joseph D. Quillian,* contra.