### 26867. POLLARD, receiver, *v.* HORNE.

DECIDED NOVEMBER 22, 1938.

*R. M. Arnold,* for plaintiff in error.
*W. R. Flournoy, Foley & Chappell,* contra.

BROYLES, C. J. ■ The assignments of error on the judgment overruling the general demurrer and certain special demurrers to the petition are expressly abandoned in the brief of counsel for the plaintiff in error; and the judgment overruling certain other special demurrers to the petition, as complained of in the bill of exceptions, was not error. The question raised by those demurrers was again substantially raised by a special ground of the motion for new trial, and will be discussed later in that connection.

■ Mrs. Horne brought suit against the defendant to recover damages for the homicide of her husband. She alleged that on January 16, 1937, her husband was a member of the fire department of the City of Columbus, and on that day was driving a truck of the department en route to a fire in response to a fire alarm; that he was driving east on Thirty-fifth Street and approaching a railroad crossing; that a train of the defendant was running north,

and that the truck and the train collided on the crossing, and her husband received injuries which caused his death; that the railroad crossing was in the City of Columbus and was a dangerous crossing; that the train as it approached and traversed the crossing was running at a speed of thirty or thirty-five miles an hour, and there was no obstruction to prevent the engineer of the train from seeing the approach of the fire truck; that on that date there was in effect a valid ordinance of the city which prohibited railroad trains from running across any street in the city at a greater speed than ten miles an hour; that on the same date there was another valid ordinance of the city which gave apparatus of the fire department, while en route to a fire, the right of way upon the streets and railroad crossings in the city; that the defendant was negligent in running the train at a speed of thirty to thirty-five miles an hour while traversing the street crossing in violation of the ordinance, and in failing to give the fire truck the right of way over the crossing as required by the other ordinance; that defendant was negligent in failing to keep a lookout to ascertain the presence of the approaching fire truck before running the train over the crossing, and in failing to maintain at the crossing a watchman, safety gates, or proper lights to warn persons of the approach of the train; that the foregoing acts of negligence were the proximate cause of her husband's death. The defendant's answer denied the allegations of the petition, and further alleged that the death of Horne was caused solely by his own negligence in failing to exercise ordinary care to protect himself; that he was negligent in driving the fire truck, a motor vehicle, at a speed of fifty miles an hour, a speed greater than was reasonable or safe; that he was guilty of negligence per se in that he was violating a valid ordinance of the city prohibiting the operation of a motor vehicle on the streets of the city at a greater speed than twenty miles an hour. The trial resulted in a verdict and judgment in favor of the plaintiff for $2500; and the defendant's motion for new trial (consisting of the general grounds and two special grounds) was overruled.

Special ground 1 complains that the court charged the jury that at the time of Horne's injury there was existing an ordinance of the City of Columbus which reads as follows: "In the event of an alarm of fire being given, the apparatus of the fire department shall

have the right of way, in and upon the streets, lanes, alleys, and railroad crossings, in responding to any such alarm, or being upon such streets, lanes, alleys, or railroad crossings. And no person shall obstruct or neglect to make way for any such apparatus being thus in or upon any such street, lane, alley, or railroad crossing," under certain named penalties. The ground contends that the charge was error because said ordinance was not in force on the date of Horne's injury, for the reason that it had been impliedly repealed by a subsequent ordinance of the city, the later ordinance covering the subject-matter of the former one and necessarily repealing it. The later ordinance was set forth in the ground. After a careful consideration of both ordinances, we are of the opinion that the later ordinance did not cover all of the subject-matter of the first ordinance, and that the first one was not impliedly repealed by the later one.

The remaining special ground (which raises substantially the same question presented by special demurrer to the petition), alleges that the court erred in failing to instruct the jury, without request, that if the defendant, his servants, agents, and employees knew, or in the exercise of ordinary care could have known, of the approach of the fire truck, and thereafter, in the exercise of a like degree of care, were unable to yield the right of way to the fire truck, or did not have reasonable opportunity of yielding the right of way to the fire truck, the defendant would not be chargeable with violating the ordinance in question. The ground alleges that the court did charge "that if the defendant, his servants, agents, and employees, did not know, or, in the exercise of ordinary care, could not have known, of the approach of the fire truck, it would not be chargeable with a violation of said ordinance." The ground alleges that "the effect of this instruction, as defendant contends, was to charge the jury that if the defendant . . knew, or in the exercise of ordinary care could have known, of the approach of the fire truck, the jury would be authorized to find that the defendant was guilty of violating said ordinance. The defendant contended, and argued to the court upon the trial of the case, that even though the defendant . . knew, or, in the exercise of ordinary care, could have known, of the approach of the fire truck, yet the defendant would still not be chargeable with a violation of said ordinance, unless, after said notice, the defendant, in the exer-

cise of ordinary care, was able to yield the right of way to the fire truck, or unless, after such notice, the defendant had reasonable opportunity to yield the right of way to the fire truck. Testimony was admitted in evidence which, as defendant contends, authorized the jury to find that the defendant . . knew, or, in the exercise of ordinary care, could have known, of the approach of the fire truck, and yet, that after receiving such notice, the defendant, in the exercise of ordinary care, was unable to yield the right of way to the fire truck, and did not have reasonable opportunity of yielding the right of way to the fire truck." The ground set out evidence which tended to support its contention that such a finding of the jury was authorized by the testimony adduced.

Counsel for the plaintiff in error frankly admits in his brief that he has been unable to find any Georgia case that directly supports his contention that the failure to so charge the jury was error, but he cites a California case (Balthasar v. Pacific El. R. Co., 187 Cal. 302, 202 Pac. 37), which he contends does so. It is true that in that case the court held: "Notice to the person required to yield the right of way is essential, and a reasonable opportunity to stop or otherwise yield the right of way [is?] necessary in order to charge a person with the obligation fixed by law to give precedence to the fire apparatus." However, the court in that decision approved the following charge of the trial court: "If you believe from the evidence that the motorman of defendant's car failed, refused, and neglected to allow the right of way to apparatus of the fire department of the City of Pasadena, when said fire apparatus was going to a fire, and that such motorman knew, or in the exercise of ordinary prudence should have known, of the approach of such fire apparatus, in time to have allowed said right of way, and that by reason of such failure, refusal, and neglect to allow said right of way, and as a proximate result thereof, one of the plaintiffs was struck, injured, or killed, or suffered property damage without negligence on his or its part contributing to such injury, death or damage, then you will find for that plaintiff."

In the instant case the court charged the jury as follows: "I charge you further, that if the railroad, the defendant company, its employees, agents, and servants, in the exercise of ordinary care and complying with the rules of law, did not know of the approach of the fire truck, then, while it would be negligence per se [in ap-

proaching and traversing the crossing at a speed in excess of ten miles an hour], at the same time if it did not know of the approach —the fact that the crossing was obstructed, and could not have known of the approach of the fire truck by the exercise of ordinary care and did not know it, then it could not be chargeable against the defendant company, its agents, servants, and employees." We think that the foregoing instruction was sufficient, in the absence of a timely, written request for a more detailed charge. Furthermore, the above-quoted decision of the California court is not binding authority on this court.

The case at bar is a very close one on its facts and the law applicable thereto. The evidence authorized the jury to find that both the defendant and Horne (the plaintiff's husband), at the time of the injury sued for, were violating valid ordinances of the city, and therefore were guilty of negligence per se. The evidence authorized a further finding that the negligence of each of them was a contributing cause to Horne's death. Under the facts of the case it was for the jury to determine also (a) whether Horne, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence; (b) whether Horne's negligence was equal to, greater, or less than the defendant's negligence; (c) whether the defendant's negligence was the proximate cause of Horne's death, or whether Horne's negligence was the proximate cause thereof; and (d) if both Horne and the defendant were negligent, but if Horne's negligence was less than that of the defendant, then how much should the amount of the plaintiff's recovery be diminished. All of these questions were submitted to the jury with full and appropriate instructions from the court. Horne, at the time of his death was forty-seven years old, was earning $123 a month, and had an expectancy of 23.7 years. The plaintiff sued for the full value of his life and laid her damages in the sum of $25,000, and the jury returned a verdict in her favor for $2500. In view of the amount of the verdict, it appears that the jury determined all of the foregoing questions in favor of the plaintiff, with the exception that they found that both the defendant and Horne were guilty of negligence which contributed to Horne's death, but that Horne's negligence was less than that of the defendant, and that the amount of the plaintiff's recovery should be diminished in proportion to the default attributable to Horne.

In .our opinion the finding of the jury was authorized by the evidence and the law applicable thereto.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*