29801. EIDSON *et al. v.* FELDER.

DECIDED OCTOBER 20, 1942.

190

*A. B. Conger, Martin, Martin & Snow,* for plaintiffs in error.
*Philip Sheffield, Lowrey Stone, A. H. Gray,* contra.

GARDNER, J. 1. We will first deal with the question raised in ground 5 of the demurrer, to the effect that Code § 68-303 (f) is too indefinite and vague to establish a lawful rule of conduct in the operation of a motor vehicle on the public highway. Counsel for neither party cite us to any decisions. We have been unable to find any Georgia decisions directly in point. It is our opinion that the statute is not subject to the attack made. What distance from the point from which the turn is expected to be

made the arm should be extended, and as to what length of time it is to be kept extended, in our opinion depends upon a number of conditions. This may include the condition of the highway, the amount of traffic, the visibility, the topography, the speed of traffic, and the like. It would be almost impossible for the legislature to prescribe uniform rules covering all the highways of this State, the exact number of feet and the period of time the hand and arm should be extended with reference to the point at which the party intends to start or stop or turn his vehicle to the left or right. We think in so far as civil actions are concerned the legislature very wisely did not attempt to do so. The rule has to have a reasonable application. As to whether or not in any particular case a party violates the spirit, intention, or letter of the act, is a question which may be well left to the jury to determine, under all the facts, circumstances and conditions attendant upon the transaction under investigation. The court did not err in overruling this ground of the demurrer.

2. It is contended in the other ground of the demurrer that the allegations of the petition show: (a) That the negligence of Maddox was the sole preponderant proximate cause of the injury, and (b) that the failure of the deceased to exercise ordinary care for his own safety in failing to use ordinary care for his own protection was the proximate cause of his injury and resulting death. Under the allegations of this petition it is proper for this court to refer the issues to a jury to determine as to what negligence and whose negligence the injury was attributable, under proper instructions of the court.

There have been many elaborate decisions written on the question involved in this case. We think a very clear ruling on the question will be found in *Georgia Railway & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713), as follows: "No general yet precise and inflexible rule can be laid down with reference to the highly involved and much discussed subject as to what constitutes the proximate cause of an injury. Consequently each case must depend for solution upon its own particular facts; but it is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had

only one of the facts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause. *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532 (96 S. E. 573), and cases cited. The determination of questions as to negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of the injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. *White* v. *Seaboard Air-Line Ry.,* 14 *Ga. App.* 139 (80 S. E. 667). It was not error, therefore, for the judge to overrule the railway company's demurrer to the petition, since it was properly a question of fact, for the jury to determine from the evidence, whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of both wrong-doers, or the separate acts of either of them, constituted the proximate cause of the injury." See *L. & N. Railway Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29); *Letton* v. *Kitchen,* 166 *Ga.* 121 (142 S. E. 658); *Western Union Telegraph Co.* v. *Spencer,* 24 *Ga. App.* 471 (101 S. E. 198); *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518); *Rome Railway & Light Co.* v. *King,* 30 *Ga. App.* 231 (2) (117 S. E. 464); *Smith* v. *Tokio Marine Insurance Co.,* 31 *Ga. App.* 631 (121 S. E. 846); *Reed* v. *Southern Railway Co.,* 37 *Ga. App.* 550 (4) (140 S. E. 921); *Central of Georgia Railway Co.* v. *Jones,* 43 *Ga. App.* 507 (159 S. E. 613); *Mann* v. *Central of Ga. Railway Co.,* 43 *Ga. App.* 708 (160 S. E. 131); *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533); *Central of Ga. Railway Co.* v. *Leonard,* 49 *Ga. App.* 689 (176 S. E. 137); *S. C. Jones Co. Inc.* v. *Yawn,* 54 *Ga. App.* 826 (188 S. E. 603); *Folds* v. *Auto Mutual Indemnity Co.,* 55 *Ga. App.* 198 (189 S. E. 711); *Pollard* v. *Horne,* 58 *Ga. App.* 799 (200 S. E. 170); *Collier* v. *Pollard,* 60 *Ga. App.* 105 (2 S. E. 2d, 821).

The judge did not err in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*