32026. UNITED MOTOR FREIGHT TERMINAL COMPANY INC. *v.* HIXON *et al.*
32027. LYLE *v.* HIXON *et al.*

Decided June 18, 1948.  Rehearing July 23, 1948.

*Andrews & Nall, Walter G. Cooper,* for plaintiffs in error.
*Boykin & Boykin,* for Hixon.

Felton, J.  ■ Code § 38-2301, providing that the opposite party shall be given five days' notice of intention to take depositions, means actual personal notice, and service by leaving the notice at a party's most notorious place of abode is insufficient. It is stated in 18 C. J., § 670: "Unless otherwise prescribed, service of the notice [of intention to take depositions] on a party must be personal.  This rule is followed in *Baldwin* v. *Baldwin,* 116 *Ga.* 471 (42 S. E. 727), and *Burns* v. *State,* 73 *Ga.* 747, in which latter case it is stated:  "The notice of the taking of such testimony required by those sections must be personal.  The leav-

ing of a written notice at the residence of a party is not sufficient, and the evidence taken thereunder is not admissible." Code § 38-2304 refers to formal objections. Substantial objection may be made at the trial though not made at the time of the taking of the depositions. *Georgia Ry. & Electric Co.* v. *Bailey,* 9 *Ga. App.* 106 (3) (70 S. E. 607); *Erk* v. *Simpson,* 137 *Ga.* 608 (73 S. E. 1065). There was no waiver of proper notice of intention to take depositions by not appearing and raising objections before the commissioner. The court did not err in suppressing the depositions.

■ When Mrs. Vassie Hixon, the wife of the plaintiff, was being questioned by her attorney on direct examination, the attorney asked her the question, referring to the driver of the defendant company's truck, Cecil Lyle: "What did he say?" Mrs. Hixon answered: "He said he had 12½ tons of cheese. I made the remark that I was so thankful to get out, it looked like we were going to be crushed to death, and he said we would if we had been caught under there, he had 12½ tons of cheese, and he said that the company would pay." The attorney for the plaintiff interrupted the witness and stated: "I didn't ask you that." Whereupon counsel for the defendant company moved for a mistrial because of the witness's statement. The court overruled the motion for a mistrial and instructed the jury to exclude the statement, "and he said the company would pay," from their consideration, and instructed them to disregard it. Counsel for the movant then moved for a rebuke to the witness and in response to this motion the court stated: "I ask her just to answer the question without volunteering." When, after the denial of the motion for a mistrial, counsel for movant moved for a rebuke of the witness he waived his exception to the refusal of a mistrial by electing a rebuke of the witness. Since there is no exception to a refusal to rebuke the witness this fifth ground of the motion for a new trial is without merit.

■ Ground 6 is an exception to the admission of certain testimony. We quote this ground in full: "Testimony of Mr. Roy Hixon, offered by plaintiff: Q. What do you estimate your time was worth during the time you had to stay at home? Mr. Nall: I object to that, that is not the proper measure of damages. It is a question of what his wife's services were worth, not what

his time was worth. Mr. Boykin: I am showing loss of time, too. We allege that his time was worth $1000 to him, and there is no demurrer to it or anything. It is an element of damage. Mr. Nall: That doesn't render it admissible. It is still subject to objection if it is not a relevant and material and recoverable item of damages. The Court: I overrule the objection. Q. What did you say your time was worth, your lost time, reasonably worth? Mr. Nall: I object to that because he has not laid the foundation for it by showing whether he is on salary or commission. The witness: I said I was on a salary and a bonus on top of a quota. They pay me so much a month, based on a quota of so many dollars, and at the end of the year, all I sell above the quota I draw a percentage on every dollar I sell over that. Q. What would you say it was reasonably worth? Mr. Nall: I object to that. If it is admissible it is not a matter of what it would be reasonably worth; it is a matter of whether or not he actually lost that money. Mr. Boykin: He is working on commission, he sells a certain amount in dollars and cents of machinery, and he is entitled to a percentage of the extra, and he lost 60 days at the busiest time. The Court: I understand what you are getting at, it is loss of commission. Mr. Boykin: Yes, he has lost 60 days, which we say he is entitled to. Mr. Nall: It is too speculative to be considered a proper item of damage, and it is prejudicial. The Court: I overrule the objection. Q. What was it reasonably worth? A. Well, $1000 to $2000. Movant avers: (a) The opposing party to movant offered the evidence objected to; namely, the plaintiff. (b) This evidence was immaterial, prejudicial and hurtful to the movant, for the following reasons: It was speculative. The proof could only be of the earnings lost, not of the reasonable value of the time away from work. There was no proof of any loss of commissions, or of any comparison of sales in similar seasons in other years. No proof of actual loss of earnings was shown. The evidence was materially hurtful because the amount of damages was in issue in the case, and the plaintiff contended that this evidence tended to show a proper element of damages, when as a matter of law, it did not. (c) The inadmissibility of the evidence was beyond doubt." The testimony was not subject to the objection urged against it at the time it was offered. No objection was urged

on the trial that the testimony was an opinion not based on facts. The exception made for the first time in the motion for a new trial, that there was no proof of any loss of commissions, or any comparison of sales in similar seasons in other years, is meritorious, but it was not urged on the trial and can not be considered. This ground of the motion is without merit.

■ Ground 7 is not complete in itself and presents no question for consideration.

■ Ground 8 is an exception to the testimony of the wife of the plaintiff to the effect that in a conversation between her and the driver of the truck, in reply to Mrs. Hixon's question, "What in the world was the matter, didn't you see my signal?" to which the driver replied: "Yes, I saw your signal, but this old thing don't have brakes." This ground is without merit. The statement of the truck driver, made immediately after the wreck, was admissible as part of the res gestæ. Code § 38-305 provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestæ." The statement was made immediately after the wreck and there is nothing to indicate device or afterthought. *Southeastern Express Co. v. Nightingale*, 33 *Ga. App.* 515 (126 S. E. 915); *Georgia Ry. & Power Co. v. Simms*, 33 *Ga. App.* 535 (126 S. E. 850); *New Winder Lumber Co. v. Payne*, 40 *Ga. App.* 188 (149 S. E. 85). The mere fact that the statement was elicited by an inquiry does not of itself necessarily deprive it of its characteristic of spontaneity prerequisite for its admission. It appears that the fact that a declaration was made in answer to an inquiry has not been noticed in most of the decisions (163 A. L. R. 167 (7). See *Lee v. Queen*, 76 *Ga. App.* 513; 46 S. E. 2d, 509), while in close cases it has been the determining factor in rejecting the evidence. What has been said in regard to the admissibility of the evidence offered by Mrs. Hixon is applicable to similar statements by Mrs. Horace Bagwell.

■ Ground 9 complains of a charge of the court on the subject of emergency. The charge in effect stated that if the jury found that an emergency was created by the conduct of Mrs. Hixon, the plaintiff's wife, without fault on the part of the driver of the truck, the defendant was not held bound to the same accu-.

racy of judgment as he would be under ordinary circumstances, but would only be required to exercise his best judgment under the circumstances. The exception to the charge is that it included "without fault on his [the driver of the truck] part." The charge given is a correct principal of law and is not subject to exception because the court might have failed to give another distinctly separate principle of law applicable to the case.

■ Ground 10 complains of the charge authorizing a recovery by the plaintiff for loss of earnings by the plaintiff caused by the injuries to his wife. The petition claimed such damages, undemurred to, and as ruled in division 3 the exception to the evidence on this subject is not well taken. The charge was, therefore, not error.

■ Grounds 11 and 12 are exceptions to the refusal to grant motions for a mistrial and are without merit for the reason shown in division 2, the complaint in these exceptions being based on argument of counsel.

■ Ground 13, applicable to case No. 32026 only, is an exception to the failure of the court to charge that the jury might be authorized to find against the truck driver and in favor of the Terminal Company. This ground is without merit. The only evidence in the case which was admitted as against the truck driver individually and not against the Terminal Company was an admission by the truck driver, not a part of the res gestæ, to the effect that the truck had no brakes. The only theory on which such a verdict could have been found is that the jury would have been authorized to find from the evidence that the sole proximate cause of the injuries was the failure to have sufficient brakes on the truck based solely on the admission of the truck driver not made as a part of the res gestæ. This ground, as well as the record, fails to show that the jury was authorized to make any such finding. This ground is without merit.

■ The general grounds are without merit.

The court did not err in overruling the motions for new trials.

*Judgments affirmed. Sutton, C. J., concurs. Parker, J., concurs specially.*

PARKER, J., concurring specially. I concur in the judgment of affirmance but not in the rulings made in divisions 2 and 8. When the court refused to grant the motions for mistrial, as complained

of in grounds 5, 11 and 12, I think that counsel could properly ask for lesser relief, that is, that the court rebuke the witness for injecting improper testimony into the case, and rebuke counsel for improper argument. I do not think that the motions to rebuke the witness and the counsel were waivers of the motions for mistrial. See *Patton v. State,* 117 *Ga.* 230 (10) (43 S. E. 533), *Rawlins v. State,* 124 *Ga.* 31 (17) (52 S. E. 1), and *Southern Ry. Co. v. Brown,* 126 *Ga.* 1 (4), 6 (54 S. E. 911). The motions for mistrials were the most drastic remedies the court could have applied, and when these were refused I think that counsel could ask for the lesser remedies of a rebuke to the witness and to counsel without waiving the motions for mistrial which had been refused. But, I think that the motions dealt with in these grounds were properly overruled and concur in the judgment for this reason.