33078.   FETZER *v.* RAMPLEY *et al.*

DECIDED JUNE 20, 1950.

*Maddox & Maddox,* for plaintiff.

*Wright, Rogers, Magruder & Hoyt, Hicks & Culbert, Lanham, Parker & Clary,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The defendants Rampley and Wayland are alleged to have been negligent in the following respects: in operating their truck at a rate of speed greater than that allowed by law, and greater than that

which was reasonable and safe in view of the existing conditions; in failing to reduce speed in approaching a curve, or to give any sign or signal of such approach; in driving on the left side of the road; in not keeping a lookout ahead; in driving at such a rate of speed that the driver could not control the truck, and in striking the petitioner while driving on the left side of the road. The weight of the truck is not set out in the petition, and, since the allegations in this regard are merely that the truck was operated at a speed of 40 miles per hour as it rounded the curve, and at 35 miles per hour when it reached the road grader, the allegation that it was exceeding the speed limit as fixed by Code (Ann. Supp.) § 68-301 (b), would have been subject to demurrer, since it does not set out the weight of the truck or the type of tires used. No such demurrer was interposed, however, and in consequence, as against a general demurrer, the petition contains allegations of negligence per se in exceeding the speed limit. It also alleges that the speed of the automobile was greater than that which is reasonable or safe in view of the road conditions, the road being narrow and covered with loose stone, which would amount to a violation of Code (Ann. Supp.) § 68-301 (a). It further alleges the rate of speed was such that the driver could not control the truck, and that he did not keep a lookout ahead. This constitutes negligence as a matter of fact, when proved. *Southeastern Express Co.* v. *Nightingale,* 33 *Ga. App.* 515 (3) (126 S. E. 915). There is nothing in the petition to negative these allegations of negligence and if on the trial of the case they are proved to the satisfaction of the jury, and if the jury finds that such negligence is the contributing proximate cause of the plaintiff's injuries, then a verdict as to these defendants would be authorized. As regards negligence in fact, see *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618, 625 (57 S. E. 2d, 18) which holds as follows: "In all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, these questions should go to a jury for decision." In *Eidson* v. *Felder,* 68 *Ga. App.* 188 (22 S. E. 2d, 523), at page 191 the following language is quoted with ap-

proval from the case of *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288 (100 S. E. 713): "It is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause." It must be taken as true on demurrer that the heavily loaded truck proceeded around a curve at a speed in excess of the legal limit on a narrow, gravel surfaced road; that it found its path blocked by the sudden emergence from the driveway of a vehicle entering the highway from the driveway; that it was unable to stop, either because the truck was not under proper control or because the driver was not keeping a proper lookout ahead; that it swerved sharply to the left, passed around the vehicle blocking its path, and ran into a car which was almost at a standstill and on its extreme right side of the road just beyond the road grader. It cannot be said as a matter of law that this is not negligence. It may be granted, as urged by counsel, that it was an emergency, and it is well settled that the degree of care after the emergency has been discovered is only that which, under all the facts of the case, a reasonably prudent man might be expected to exercise. *Napier* v. *DuBose*, 45 *Ga. App.* 661 (4) (165 S. E. 773). Counsel for the defendants also cite *Cone* v. *Davis*, 66 *Ga. App.* 229 (17 S. E. 2d, 849), to the effect that the law does not impose any duty on a man to guard against sudden, unforeseen, and not reasonably to be anticipated acts of another person. It is also stated in that case that if the driver of the car himself was the cause of the emergency, he cannot take advantage of this principle of law.

It is a jury question here, not only as to whether the acts of negligence alleged can be substantiated by testimony on the trial of the case, but also whether, if substantiated, they will amount to a contributing proximate cause of the injury. No negligence is alleged against the plaintiff's host or the plaintiff herself. The injuries resulted either entirely from the negli-

gence of the truck driver, entirely from the negligence of the driver of the road machinery, or from the combined negligence of the two. The road grader blocked the road. The truck driver, instead of stopping when this obstacle became apparent to him, or taking some other course, proceeded around the obstacle on the left side of the road and struck the car in which the plaintiff was riding. Where several concurrent causes operate to produce an injury there may be a recovery against all or any one of the responsible parties. See *Scearce v. Gainesville*, 33 *Ga. App.* 411(3) (126 S. E. 883) ; *Williams v. Grier*, 196 *Ga.* 327 (26 S. E. 2d, 698) ; *Southeastern Greyhound Lines v. Gilstrap*, 76 *Ga. App.* 813 (47 S. E. 2d, 166) ; *Hopkins v. Atlanta*, 172 *Ga.* 254 (157 S. E. 473). Under the allegations of the petition here, the right of the plaintiff to recover from the demurring defendants is a jury question.

The trial court erred in sustaining the general demurrers and in dismissing the petition as to the defendants Rampley and Wayland.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*