37403. STRIPLING v. CALHOUN, by Next Friend.

Decided October 16, 1958.

356

*Ford & Houston, P. B. Ford, Wright & Reddick, George P. Wright,* for plaintiff in error.

*Lippitt & Lippitt, W. J. Crowe, R. B. Williamson,* contra.

TOWNSEND, Judge. ■ The 3 special grounds are directed to the charge of the court on the doctrine of emergency as follows: "I charge you, gentlemen of the jury, that the driver of an automobile when confronted with a sudden peril, which peril did not arise from any fault of his own, should then use such care as an ordinarily prudent person would exercise under the circumstances. If, however, the driver of an automobile or truck, as in this case, was the cause of the emergency, then, and in that event, this principle of law which I have just given you, does not apply. In all instances, however, the driver must use care as an ordinarily prudent person would exercise under the circumstances." The complaints are that neither the pleadings nor the evidence authorized a charge on the doctrine of emergency; that it constituted an opinion of the trial court on the facts of the case, and that the court, having undertaken to charge on the subject, did not do so fully and fairly.

The purpose of judicial instructions on the law relating to sudden peril are generally (a) to excuse an act of the plaintiff which would other wise be negligence on the plaintiff's part diminishing or precluding recovery, or (b) to excuse an act of the defendant which would otherwise constitute negligence as to the plaintiff. In this case this instruction was directed only to the defendant. In Blashfield, Cyclopedia of Automobile Law and Practice, Vol. I, §§ 667, 668, it is stated: "Conduct which would otherwise be negligence cannot be excused on the ground that the actor made a mistake of judgment, unless the judgment exercised was that which an ordinarily careful and prudent man would have exercised under the same circumstances, and a motorist cannot excuse himself from liability for injuries result-

ing from a collision on the ground that he made an error of judgment or miscalculated distance, there being no emergency to hurry his decision. When one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action, held to the exercise of the same degree of care as when he has time for reflection . . . provided . . . he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances." The so-called "doctrine of emergency" thus refers only to those acts, either of the plaintiff or the defendant, which occur immediately following the realization of the peril or crisis and before there is time for mature reflection. In the case at bar the position of the defendant is well taken that there were no such acts, and therefore no such issue, in the case; this for the reason that the injury to the little plaintiff had occurred before either she or the defendant ever recognized the existence of the peril. It was thus error to give the subject in charge, but the error was only harmful if it in some way prejudiced the rights of the complaining party who happens to be the defendant. See *New Winder Lumber Co.* v. *Payne,* 40 *Ga. App.* 188 (8) (149 S. E. 85). One cannot complain of a charge which gives him a defense to which he is not entitled under the law. *Fields* v. *State,* 211 *Ga.* 338 (4) (85 S. E. 2d 753). This instruction was therefore harmless as to the movant. It is almost identical with the words used in 38 Am. Jur. 687, Negligence, § 41, as follows: "One who, through no fault of his own, is confronted with a sudden peril and does things which afterward may seem to have been improper or foolish is not negligent if he does what a prudent man would or might do under the circumstances." Movant contends that such an instruction is error because the trial court should have spelled out the distinction by further charging in substance: "If you find from the evidence that a sudden emergency was created, then the defendant would not be held to the same accuracy of judgment as where there is time for deliberation and this is a circumstance that may be taken into consideration in determining whether ordinary care has been exercised." It is unnecessary to consider whether, in a proper case the charge as made would have given the defendant the full benefit of the

."sudden peril" doctrine for the reason that here he was not entitled to such benefit in the first place, and in the second place what was charged did not in any way prejudice his defense. If the jury did in fact misunderstand the charge so as to believe that in this situation, as well as generally, the defendant's conduct was to be judged by that of the hypothetical ordinarily prudent person without regard to any existent emergency, then the defendant got no more and no less than he was entitled to because such would be the measure to determine his negligence without the emergency theory being injected into the case, as the defendant himself correctly contends it should not have been. If the jury understood the charge as it was intended, that is, that ordinary care in an emergency is measured by the standard of. lesser accountability of the same ordinarily prudent person reacting to the same emergency, then he received the full benefit of the doctrine and more than he was in fact entitled to.

Whether or not the sentence: "If, however, the driver of an automobile or truck, as in this case, was the cause of the emergency, then this principle of law does not apply" is an expression of opinion depends on whether the court, in giving the charge, emphasized the word "truck" or "cause". It appears obvious to this court from the charge as a whole and from the fact that the defendant was driving a truck rather than an ordinary passenger automobile that the words "in this case" were a reference to the truck, there being no automobile involved in the case. The court obviously would not be charging as he did on the doctrine of emergency if it was his intention to instruct the jury that such rule of law did not apply to the defendant because the defendant had created the emergency. A contrary verbal emphasis could, it is true, produce this result, but this court has no power to review the tone of voice in which an instruction is given. *Williams* v. *State*, 170 *Ga.* 886(3) (154 S. E. 363). No such erroneous emphasis is in fact alleged. The court can never presume error, but the burden is on the complaining party to make it appear clearly. *Richter* v. *Cann*, 191 *Ga.* 103 (11 S. E. 2d 774). It does not appear from this record that the jury was misled in any way by the charge on acts in sudden emergencies, for which reason no reversible error is shown by the record.

■ The general grounds of the motion for new trial, not being argued or insisted upon, are treated as abandoned.

■ The defendant in error contends that this case was brought to this court for delay only, and moves that he be awarded 10% damages allowed in such cases by Code § 6-1801. Even slight grounds for bringing the case up will prevent the award of damages for frivolous exception. *Waxelbaum & Co.* v. *Limberger,* 78 *Ga.* 43 (5). While the assignments of error here are insufficient to bring about a reversal, yet counsel for the losing party had an absolute right to test the legality of the judgment, and the very fact that a part of the charge on which error is assigned is shown by the opinion to have been inexact and perhaps even error, though harmless, afforded reasonable ground for testing the judgment. Counsel for the plaintiff in error was both astute and diligent, and accordingly the motion to assess a penalty is denied.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*