FORD *v.* FARGASON, trustee, and *vice versa.*

SIMMONS, C. J. 1. Special demurrers to petitions or to answers should be filed before the trial term, and when not so filed can not be considered. *City Council of Augusta* v. *Lombard*, 101 *Ga.* 724; *Ward* v. *Frick Co.*, 95 *Ga.* 804; *Green* v. *Hambrick*, 118 *Ga.* 569. The court therefore erred in sustaining special demurrers to the petition, filed at the trial term of the case; but did not err in overruling the special demurrer to the answer of the defendant, filed by the plaintiff at the trial term.

2. In a suit for breach of contract the court has no jurisdiction to award punitive damages, although such damages are alleged in the petition and such allegation is not demurred to at the proper time. *Francis* v. *Wood*, 75 *Ga.* 648.

3. In a suit for the breach of a contract of lease of lands, such breach consisting in dispossessing the defendant before the expiration of the lease, an amendment alleging that the weather was cold and the plaintiff's wife was made sick as a result of the exposure was properly disallowed.

4. There being a conflict in the evidence as to the material issues in the case, the judge erred in directing a verdict.

5. The petition set out a cause of action and was good as against a general demurrer. There was therefore no error in overruling such general demurrer, as set out in the cross-bill of exceptions.

6. While the petition did not set up the true measure of damages, and would probably have been subject to a special demurrer on that ground, filed at the proper time, this is no reason for excluding evidence offered on the trial which was properly admissible under the true rule as to the measure of damages for the breach of contract declared on.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed.*

Argued June 17,—Decided July 14, 1904.

Action for damages. Before Judge Roberts. Terrell superior court. November 23, 1903.

The petition of L. C. Ford alleged that D. S. Fargason, trustee, of said county, had injured and damaged him in the following manner. On January 11, 1902, the defendant by written contract (set out) leased to petitioner a four-horse farm for a period of five years, beginning January 11, 1902. Petitioner went forward in good faith to carry out his part of said lease obligations, cultivated the farm, and paid the rent, according to contract, during the year 1902. On January 9, 1903, J. H. Slade, deputy sheriff, exhibited to petitioner a dispossessory warrant against him based on the affidavit of R. R. Marlin, attorney at law for defendant, and notified petitioner to vacate said premises within three days; and on January 14, 1903, Slade came upon the premises and dispossessed petitioner by virtue of said warrant. Owing to his poverty, he was unable to give the legal bond in order to defend himself, and was therefore forced to vacate the premises, although his written lease had not expired and he still had a right under the contract to remain thereon for a further term of four years. (Par. 6) Under said contract he had a right to cultivate said farm for 3,750 pounds of middling lint-cotton per annum. He is now unable to rent similar land for less than 1,500 pounds of middling lint-cotton to the plow per annum, at which rate a four-horse farm for four years would cost 24,000 pounds, which would amount to a loss to petitioner of 9,000 pounds of middling lint-cotton, worth an average of 8 cents per pound, or $720. (Par. 7) Petitioner was dispossessed at a time of the year when it is impossible to obtain a desirable location on a farm as a renter. He made the most desirable trade he could, which was to take a one-horse farm. The average profits of a farm in the neighborhood of the aforesaid premises is $100 per plow, above rent. Wherefore petitioner's damage on this account for the year 1903 amounts to $300. (Par. 8) Defendant's conduct aforesaid in dispossessing petitioner was in bad faith, and entitled petitioner to recover punitive damages in the sum of $480; making in all the sum of $1,500.

The defendant set up that the plaintiff was dispossessed lawfully and in good faith, and because the lease, under its terms, had expired by reason of the failure of the plaintiff to comply

with certain obligations thereunder; also that the defendant had been induced to enter into the lease by false and fraudulent representations on the part of the plaintiff. A demurrer to the petition was filed on the day of the trial, on general and special grounds. It was overruled except as to paragraphs 7 and 8, which the court struck. The plaintiff demurred to that part of the answer which set up fraud in the procurement of the lease. This demurrer was overruled. The court refused to allow the plaintiff to amend by alleging that when he was dispossessed the weather was cold and rainy, that his wife was suffering from rheumatism at the time, and that she was forced to remain in bed for several days as a result of exposure to. the weather while moving. The plaintiff testified that he cultivated the land according to the contract, paid the rent, and performed his other obligations under the contract, and that he was dispossessed at the time and in the manner alleged in his petition, and was unable to give bond in order to resist the warrant. He testified further: " At the time I was dispossessed I could not rent a similar farm at all. . . The usual price for land rent in that section for the year 1903 was 1,500 pounds of middling lint-cotton per plow. This land is a little below the average, and, according to the usual price of land rent per year, would be worth between two and two and a half and three bales per plow, 500 pounds to the bale. At the time I was dispossessed, cotton was worth from 8 1/2 to 9 cents per pound. . . I did all I could to lessen the damages." The material parts of the plaintiff's testimony were contradicted by the defendant's testimony. The court directed a verdict for the defendant, and the plaintiff excepted. The defendant filed a cross-bill of exceptions, in which he assigned as error the overruling of his demurrer to the petition as a whole, and the admission of the plaintiff's testimony as to the usual price of land for rent. The cross-bill of exceptions states that " the court held that, after striking paragraphs 7 and 8 of the petition, the measure of damages, if any had been sustained, was the difference between the actual value of the lease term at the time of dispossession, and the contract price, and, under that ruling, allowed the plaintiff to testify " as before stated, over objection that there was no allegation under which this testimony was admissible.

*W. H. Gurr* and *H. A. Wilkinson,* for plaintiff, cited Civil Code, §§ 5047, 5331; *Ga. R.* 71/747; 72/281 (4, 8); 78/199; 79/744, 745; 82/271; 114/641; 117/845; 119/88, 226.

*John R. Irwin, R. R. Marlin,* and *M. C. Edwards,* for defendant, cited Civil Code, § 4944; *Ga. R.* 72/289; 75/649; 79/746; 89/155; 95/82; 97/524; 103/788; 118/369.