### GOODMAN *et al.* v. MITCHAM, administrator.

1. The motion to dismiss the bill of exceptions, on the ground that the writ of error is prematurely sued out, is without merit. While, if the judgment of the court overruling the plea of the defendant to the jurisdiction of the court, thus leaving the case pending in that court, had been the only judgment excepted to, the writ of error would have been dismissed upon the ground that it was prematurely sued out, yet where other rulings of the court, such as the grant of an injunction and appointment of a receiver, are excepted to, which rulings might be brought by direct bill of exceptions to this court, the bill of exceptions will not be dismissed, but will be retained and the errors complained of passed upon. *Hill* v. *State,* 118 *Ga.* 21 (44 S. E. 820).

2. Under the evidence in the case the court erred in overruling the plea to the jurisdiction, and in passing an order granting the injunction prayed and appointing a receiver.

No. 4770. JUNE 22, 1925.

Receivership, etc. Before Judge Roop. Meriwether superior court. January 10, 1925.

R. L. Mitcham, as administrator of the estate of S. W. Hastey, filed his equitable petition to the superior court of Meriwether County, for injunction, receiver, and other relief against R. L. Hastey, of Harris County, LaGrange Banking & Trust Company,

of Troup County, and Mrs. N. E. Goodman, alleged to be a resident of Meriwether County. On demurrer filed by LaGrange Banking & Trust Company the case was dismissed as to it. At the first term of court, the August term, 1924, Mrs. Goodman filed her plea to the jurisdiction of the court, in which she set up that she was not, at the time the suit was filed nor at the time of service, a resident of Meriwether County, but was a resident of Fulton County, Georgia, and that Meriwether superior court had no jurisdiction of her in the case. Under an order taken in term time the plea and demurrer were submitted under an agreement to the judge, to be passed upon in vacation; and on January 10, 1925, he passed an order finding against the plea to the jurisdiction. Prior to the hearing the deputy sheriff of Meriwether County, having made a return of personal service, amended his return of service as follows:

"Georgia, Meriwether County. I, J. B. Jarrell Jr., Deputy Sheriff of said Meriwether County, made in the above-stated case the following return of service, to wit: 'Georgia, Meriwether County. I have this day served the defendant Mrs. N. E. Goodman in person with a copy of the within petition and order and process. This June 24th, 1924. J. B. Jarrell Jr., Deputy Sheriff of Meriwether County.' I now amend said above return of service in order that it may speak the truth, and to read as follows: Georgia, Meriwether County. I have this day served the defendant Mrs. N. E. Goodman in person, by handing to her a copy of the within petition, order, and process; but I do not intend by this service to assert or for the court to presume that the said Mrs. Goodman is now or ever has been a resident of said Meriwether County, nor that she was a resident of said county at the time of filing of said suit or on the day of service. I only served her personally aforesaid while she was in this county on a visit at White Sulphur Springs, and not as a resident of said county; for to the best of my knowledge and belief she was then and is now a resident of Fulton County, Georgia. I have never known her to be a resident of this, Meriwether County, Georgia. This amendment signed this 18th day of December, 1924. J. B. Jarrell Jr., Deputy Sheriff, Meriwether County, Georgia."

On December 19, 1924, Mrs. Goodman filed her traverse to the sheriff's return, in which she admitted that the deputy sheriff

did hand her in person a copy of the plaintiff's petition together with the order of the judge and process thereon, but she further says that in every instance where in the return of service the deputy sheriff intimates that she was a resident of Meriwether County, or was a resident of Meriwether County at the time of handing a copy of the suit to her by the deputy sheriff, if in fact there is such an intimation, she denies and traverses the truth of such intimation and says the same is not true, but says that she was, at the time of the filing of the suit and at the time of service of the copy which was made by handing the same to her while on a visit at White Sulphur Springs, Georgia (in Meriwether County), a resident of Fulton County, Georgia, and that she had continuously been a resident of that county for the past 13 years, and has never at any time been a resident of Meriwether County. She prays that the sheriff and deputy sheriff be made parties to the traverse. She also states in her traverse that the return of the deputy sheriff as amended speaks the truth, and she prays to be dismissed from the case.

The case came on for a hearing on December 20, 1924; and on January 20, 1925, the court passed an order overruling the plea to the jurisdiction and appointing a receiver for the property involved in the litigation; and in the order the judge states that he "finds against the plea to the jurisdiction, the traverse of service not having been made during the August term, 1924, and not until after pleading to the merits. Therefore judgment is rendered overruling the plea to the jurisdiction." In due time Mrs. Goodman filed her bill of exceptions to the judgment of the court. A motion was made in this court to dismiss the bill of exceptions, on the ground that the case was prematurely brought to this court, as the case was still pending in the superior court of Meriwether County.

*J. F. Hatchett* and *Terrell & Terrell,* for plaintiffs in error.

*A. L. Hardy* and *N. F. Culpepper,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The ruling made in the first headnote requires no elaboration.

2. The court erred in granting the injunction, which was done by continuing the restraining order previously granted, and in appointing a receiver. We do not, in making this ruling, pass upon

the merits of the case, but base the ruling upon the fact that the court was without jurisdiction of Mrs. Goodman, the only defendant alleged to be a resident of Meriwether County. R. L. Hastey and LaGrange Banking & Trust Company were non-residents. The court had no jurisdiction of any of the defendants, unless Mrs. Goodman was a resident of the county in which the suit was brought. The court seems to have overruled Mrs. Goodman's plea to the jurisdiction on the ground that she did not file a traverse of service at the August term, 1924, of the superior court. We do not think it was necessary for the defendant to traverse the return as amended, even if it would have been necessary to traverse it in its original form. The return of the deputy sheriff as amended recited the facts; without traversing them the defendant had a right to plead to the jurisdiction of the court and support the plea by evidence. In the case of *McKnight* v. *Wilson,* 158 *Ga.* 153 (122 S. E. 702), this court held: "But such return is not evidence as to matters which are not properly the subject of the return. *Kimsey* v. *Macon L. Co.,* 136 *Ga.* 369 (71 S. E. 675). If the record shows a regular return of service by the officer, 'such return will be conclusive until traversed according to law, unless it be made to appear that the court, with actual service, would have had no jurisdiction of the defendant or of the subject-matter.' *Maund* v. *Keating,* 55 *Ga.* 396. The constitution of this State declares that all civil cases, with certain exceptions, 'shall be tried in the county where the defendant resides.' Civil Code (1910), § 6543. A judgment founded upon a suit in a court which had no jurisdiction of the person of the defendant is void, unless the defendant waived jurisdiction or appeared and pleaded to the merits. Civil Code (1910), § 5964; *Bostwick* v. *Perkins,* 4 *Ga.* 47; *Preston* v. *Clark,* 9 *Ga.* 244; *Graham* v. *Hall,* 68 *Ga.* 354; *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32)." It is true the defendant appeared and pleaded to the merits, but this was subject to her motion and plea to the jurisdiction, in which she insisted that the court was without jurisdiction as to her. The evidence showing that she was not a resident of Meriwether County at the time of filing the suit and of service was conclusive and without material contradiction. It is true that in the petition filed by the plaintiff it was alleged that Mrs. Goodman was a resident of Meriwether County, but this was not proved on the trial, where

Mrs. Goodman denied on oath and showed by uncontradicted testimony that she was not a resident of that county. The affidavit of Mrs. Hastey, deposing that Mrs. Goodman came to a building on the land in controversy, entered the house through a window on the 15th day of August, and remained there some two weeks, did not show residence in the county. The evidence of Mrs. Goodman showed she had been a resident of Fulton County 13 years prior to the filing of the suit. The affidavits of her witnesses show facts set forth in detail, confirming the truth of her assertion that she was a resident of Fulton County. Under the plea and proof sustaining it, the court was without jurisdiction of the defendant, and his judgment is contrary to law and the evidence.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*