33740. GARNER *et al. v.* WOLPORT.

DECIDED NOVEMBER 21, 1951.

878

*Hudson & LeCraw*, for plaintiffs.

*Fraser & Shelfer*, for defendant.

SUTTON, C. J.  ■ The bill of exceptions shows that the peti-

tion was filed returnable to the November, 1950, term of the Civil Court of Fulton County. The defendant filed his general and special demurrers to the petition on October 26, 1950, before the November term. The plaintiffs' first amendment to their petition was filed on April 6, 1951, before the defendant's demurrers were ruled on. On April 11, 1951, the defendant renewed his original demurrers to the petition, and the hearing on the renewed demurrers to the petition as first amended took place a month later, on May 11, 1951, when the general demurrer was overruled along with three of the special demurrers, and the special demurrer numbered 4 was sustained with leave to amend. The demurrer sustained was on the ground that paragraph 4 of the amended petition set out only a part of the contract and did not show who had signed the contract.

The plaintiffs filed their second amendment to the petition on May 11, 1951, and this amendment sought to and did meet the complaint made by the special demurrer which had been sustained. It was alleged in this second amendment that Exhibit A, previously referred to as a contract, was a written proposal which had been accepted by the plaintiffs, thereby forming an oral contract under which the money sued for had been paid to the defendant.

On May 21, 1951, the defendant renewed his demurrers to the petition as amended for the second time, adding grounds of demurrer, to the effect that the petition showed that the cause of action was in the church and not in the plaintiffs; that the other parties to the contract and the other members of the alleged unincorporated religious society had not been joined as plaintiffs, and that there was a nonjoinder of parties plaintiff; that it was not shown whether the plaintiffs' authority to sue was written or oral, and if in writing the resolution was not attached; that it was not alleged when the money was paid to the defendant; and that the allegations of the breach of the contract were indefinite, as it was not shown what was done and what was not done under the contract, the value of the work performed, and the date of the refusal to perform. None of these additional grounds of demurrer was directed to the matter added to the petition by the plaintiffs' second amendment. In other words, the additional grounds of demurrer point to defects which were

apparent in the petition before the second amendment thereto was filed and at the time the defendant's demurrers were ruled on after the petition was first amended.

The second amendment to the petition alleged only that the contract in question was an oral one instead of a written contract, and this amendment did not open the petition to any of the additional grounds of demurrer filed after the second amendment. The petition would have been subject to a special demurrer on the ground of nonjoinder of necessary parties plaintiff had the same been filed in time, but this defect in the petition was apparent before as well as after the second amendment thereto was filed. "An amendment to a petition, made after the first term, does not open the petition to special demurrer where, if the petition was defective as contended, the defect was apparent before as well as after the amendment." *Pierce* v. *Harrison,* 199 *Ga.* 197 (5 a) (33 S. E. 2d, 680). Also, for rulings to the same effect, see *Wardlaw* v. *Southern Railway Co.,* 199 *Ga.* 97 (33 S. E. 2d, 304); *Johns* v. *Nix,* 196 *Ga.* 417 (1) (26 S. E. 2d, 526); *Maryland Casualty Co.* v. *Dobson,* 57 *Ga. App.* 594 (196 S. E. 300).

The additional grounds of demurrer, pointing out defects in the petition as first amended, were filed more than a month after the petition was first amended and at a subsequent term, and after the court had ruled upon such of the special demurrers as the defendant by renewal had interposed to the petition as first amended. These demurrers were too late to be considered, and it was error to sustain them. *Ford* v. *Fargason,* 120 *Ga.* 708 (48 S. E. 180); *Field* v. *McElroy,* 47 *Ga. App.* 735 (171 S. E. 300).

■ The general demurrers ruled on were that the allegations of the petition showed that the cause of action was in the church instead of the plaintiffs, and that said allegations did not constitute a cause of action. The general demurrer and the three special demurrers to the petition as first amended were overruled, thereby adjudicating that the petition set out a cause of action. That judgment was not excepted to or set aside, and fixed the law of the case. The second amendment was immaterial insofar as having the effect of reopening the whole petition to demurrer. Accordingly, it was error for the court to

sustain the renewed and additional demurrers to the petition after the second amendment thereto was filed, and to dismiss the petition.

*Judgment reversed. Felton and Worrill, JJ., concur.*