33974.   ATLANTIC COMPANY *v.* JONES *et al.*

Decided May 9, 1952.

*Erwin Sibley,* for plaintiff in error.

*James M. Watts Jr., C. S. Baldwin Jr., Carlton Mobley,* contra.

SUTTON, C.J. ■ The petition was not subject to demurrer on the ground that there was a misjoinder of causes of action and of defendants in that general grounds of negligence and grounds of negligence per se were both alleged in the same count. The plaintiff may rely upon an act or omission as constituting negligence as a matter of fact under the circumstances, or upon the violation of a statute or ordinance as amounting to negligence per se, and the facts may be so pleaded as to show negligence of both classes in the same action. *Williams* v. *Grier,* 196 *Ga.* 327 (3), 339 (26 S. E. 2d, 698) ; *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* 186 *Ga.* 870, 873 (199 S. E. 213, 128 A. L. R. 456) ; *Giles* v. *Voiles,* 144 *Ga.* 853 (88 S. E. 207) ; *Thompson* v. *Powell,* 60 *Ga. App.* 796 (5 S. E. 2d, 260) ; *Pollard* v. *Savage,* 55 *Ga. App.* 470, 474 (190 S. E. 423).

■ Paragraph 18 (f) of the petition was first demurred to on the ground that it was irrelevant and a conclusion of the pleader, in that it did not disclose the width, grade, character and common use of the streets therein referred to, but this criticism was answered by the amendment to paragraph 4 of the petition, which alleged the width, grade, character and common use of East Montgomery Street and North Wayne Street. The further grounds of demurrer to this paragraph, in regard to matters not

affected by the amendment thereto, and the demurrer to paragraph 17 of the petition, filed after the appearance day of the case although this paragraph was not amended at all, were properly overruled, as these demurrers came too late. *Pierce v. Harrison*, 199 *Ga.* 197 (5 a) (33 S. E. 2d, 680); *Garner v. Wolport*, 84 *Ga. App.* 876 (1) (67 S. E. 2d, 824).

■ Paragraphs 18 (g), 18 (h), and 18 (i), alleged that the defendant, Lawrence, was negligent: in failing to have the truck under control when he drove it across the curb, parkway, and sidewalk and struck the plaintiff; in failing to maintain a proper lookout at said time and place; and in driving the truck when it was not equipped with efficient and serviceable brakes. The demurrer to paragraph 18 (g), on the ground that it was not set out how the operator of the truck failed to have it under control, was properly overruled, for the facts alleged in the petition show that the driver of the truck did not have it under control in driving over the curb, parkway and sidewalk of the street. See in this connection, *Southeastern Express v. Nightingale*, 33 *Ga. App.* 515 (3) (126 S. E. 915); *Western & Atlantic R. v. Peterson*, 168 *Ga.* 259 (3) (147 S. E. 513); *Garmon v. Cassell*, 78 *Ga. App.* 730 (52 S. E. 2d, 631). Paragraphs 18 (h) and 18 (i) were said to be irrelevant and conclusions, in the first demurrers thereto, but we think these were allegations of facts. The plaintiff need not allege his evidence. Furthermore, these alleged facts show conduct such that injury to persons within the range of operation of the truck might or might not have been reasonably foreseen, and so presented a question for a jury as to whether the defendant had violated a duty to the plaintiff at the time and place in question, and were not irrelevant. The demurrers to paragraphs 18 (h) and 18 (i) of the petition were properly overruled.

■ The demurrer to the matter added to paragraph 4 by the plaintiff's first amendment, on the ground that the place and character of the street where the injury was alleged to have occurred were not sufficiently identified and described, was properly overruled, for in this paragraph, as amended, it was alleged that the streets were of a certain width, paved, and higher in the middle than on the sides, and it was alleged that a railroad track ran down the middle of one of the two intersecting streets, in the City of Milledgeville.

■ The ordinance attached to the petition was demurred to on the ground that it contained subject matter different from that described in its caption and covered several unrelated matters in one ordinance. Article 3, section 7, paragraph 8 of the Constitution of 1877 (Code, § 2-1808), in effect when the ordinance in question was passed and providing that "No law or ordinance shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof," has no application to ordinances passed by municipal authorities. *Waring* v. *Mayor &c. of Savannah,* 60 *Ga.* 93 (1); *Padrosa* v. *Amos,* 175 *Ga.* 413 (1) (165 S. E. 248); and see the corresponding paragraph of the Constitution of 1945 (Code, Ann., § 2-1908), omitting the words, "or ordinances." An ordinance covering unrelated subject matters is not for that reason rendered invalid.

Another ground of the demurrer to the ordinance was that it was too indefinite to fix and impose a duty on the part of the defendant or to constitute the violation of such an ordinance as negligence per se. Section 14 of the ordinance provides that it shall be unlawful to drive any motor vehicle at a higher rate of speed than 20 miles per hour, and that vehicles shall slow down to a speed not greater than 12 miles per hour when crossing intersecting streets or rounding corners. It further provides that the speed of vehicles shall be controlled by traffic conditions but is not to exceed the limits set out. By the amendment of 1932, the speed limit was raised to 25 miles per hour, and to 15 miles per hour when crossing intersections or rounding corners. The allegations of the petition show that the defendant was proceeding at speeds greater than those prescribed as a maximum for streets or intersections, as the case might be, and the ordinance was definite as to what such maximum speeds were.

The demurrers to paragraphs 18 (b), 18 (c) and 18 (e) of the petition asserted that the ordinance alleged to have been violated by the defendant was illegal and created no duty to the plaintiff on the part of the defendant. It is contended that Code (Ann. Supp.) § 68-301 (e) (Ga. L. 1939, p. 302, § 10), providing that "the foregoing provisions as to speed shall supersede and stand in lieu of all other Georgia legislation in respect

to speed of motor vehicles upon the public streets and highways," superseded the ordinance of Milledgeville regulating the speed on that city's public streets. But the same act also provides "that nothing in this Act shall affect the rights of municipalities to regulate speed of motor vehicles within their corporate limits, when said speed limit is equal to or less than the maximum speed provided for in this Act." Ga. L. 1939, p. 298, § 2 (e). Code § 68-312, codified from Ga. L. 1927, p. 240, also provides that, "Nothing contained in this law shall be construed as changing or interfering with any regulation or ordinance which has heretofore been or may hereafter be adopted by any municipality, regulating the running or operation of motor vehicles described in this law; and nothing in this law shall prevent cities and towns from regulating, by reasonable ordinance, the rate of speed except as provided hereinafter." A similar provision was made in the act of 1921 (Ga. L. 1921, p. 258, § 7), which was in effect when the ordinance in question was passed in 1924. The legislative intent was not to supersede municipal ordinances regulating speeds of vehicles in municipalities within the speed limits provided by the statutes. See *George A. Rheman Co.* v. *May*, 71 *Ga. App.* 651, 657 (3) (31 S. E. 2d, 738). The ordinance of the City of Milledgeville as pleaded was not illegal or superseded as contended in this ground of the demurrer.

The plaintiff was alleged to have been standing at a point 45 feet from the intersection of East Montgomery and North Wayne Streets, and on the east side of North Wayne Street. It is contended that the plaintiff was not in the class of persons which the ordinance was intended to protect, in limiting the speed of vehicles on East Montgomery Street and in said intersection, which were the places where the ordinance was alleged to have been violated by the defendant, Lawrence, while the plaintiff was standing at another place on North Wayne Street. Of course, if the defendant had been operating the truck within the legal rate of speed in going through the intersection and rounding the corner, his violation of the speed limit on East Montgomery Street, before he reached its intersection with North Wayne Street, on which street the plaintiff was standing, would have had no connection with the injury sustained by the

plaintiff. Yet, if the defendant Lawrence were exceeding the speed limit before reaching the intersection, as well as while making the turn around the corner and through the intersection, as alleged, then both of these violations may be considered by a jury to have contributed concurrently in causing the plaintiff's injury. To be within the protection of ordinances limiting the speed of vehicles in street intersections, the person injured need not be actually in the intersection; in the case of *Moye* v. *Reddick*, 20 *Ga. App.* 649 (93 S. E. 256), the plaintiff was injured while crossing a street 35 yards from an intersection, and it was held that the trial court properly submitted to the jury the question of whether a violation of the speed limit by the defendant had occurred, and, if so, whether such violation had contributed to the plaintiff's being injured. A similar ruling was made in *Huckabee* v. *Grace*, 48 *Ga. App.* 621 (2) (173 S. E. 744), where the plaintiff was near the place where an alley crossed a street. Also see *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (8) (80 S. E. 36); *Eubanks* v. *Mullis*, 51 *Ga. App.* 728, 732 (181 S. E. 604). It does not appear as a matter of law that the plaintiff in the present case was not within the class of persons intended to be protected by the provisions of the ordinance alleged to have been violated. The demurrers to paragraphs 18 (b), 18 (c) and 18 (e), and to the ordinance as first pleaded, were properly overruled.

■ The demurrer to the amended ordinance of the City of Milledgeville, as set out in Exhibit B, asserts that the city had no charter power to pass the ordinance regulating traffic. Section 2 of the new charter of the City of Milledgeville (Ga. L. 1900, p. 345), in effect when the ordinance in question was passed, provided that "Said mayor and aldermen may enact from time to time such ordinances, by-laws, rules and regulations as may be necessary to enforce peace, order and good government and to carry out generally the power and authority conferred by this Act and the laws of Georgia." According to section 21 of the charter (Ga. L. 1900, p. 350), "They [the mayor and aldermen] shall have general and exclusive jurisdiction over the streets, alleys, by-ways, sidewalks and commons and public squares of said city." In the case of *Howell* v. *Board of Commissioners of Quitman*, 169 *Ga.* 74 (1) (149 S. E. 779), it was held that

similar charter provisions of the City of Quitman were sufficient "to confer police power to enact ordinances for the convenience and safety of the public, and to that end establish and maintain streets and sidewalks and exercise 'full and complete control' over them, including regulation of traffic thereon." See also, *Gardner* v. *City of Brunswick*, 197 *Ga.* 167 (28 S. E. 2d, 135), where similar general charter provisions were held to include the power of the city to regulate and control traffic and parking on the city's public streets. So in the present case, the Mayor and Aldermen of the City of Milledgeville, having power to enact ordinances necessary to enforce peace, order and good government, and having "general and exclusive jurisdiction over the streets, alleys, by-ways, sidewalks and commons and public squares of said city," were authorized to enact the ordinance in question, providing for maximum speeds on streets and street intersections within the corporate limits of the city.

The demurrer to the ordinance as set out in Exhibit B also points out that it is not alleged and does not appear from said exhibit that the ordinance was read three times at a session of of the mayor and aldermen, when a quorum thereof was present, nor that it was passed with the required number of votes. However, the ordinance appears regular on its face, according to Exhibit B, and it is recited therein that it was "Passed in regular session of the Mayor and Council of the City of Milledgeville, this February 4, 1924," and the ordinance was signed by the mayor and the city clerk. Where an ordinance is alleged or proved to have been passed, it is presumed to be valid, and the burden of establishing its invalidity rests as a matter of defense on the person asserting such invalidity. *City of Cartersville* v. *McGinnis*, 142 *Ga.* 71 (3), 76 (82 S. E. 487, 38 Ann. Cas. 1915D, 1067); *Moore* v. *City of Thomasville*, 17 *Ga. App.* 285 (2) (86 S. E. 641); *Jeanes* v. *Mayor &c. of Milledgeville*, 45 *Ga. App.* 755 (165 S. E. 900); *Hamilton* v. *North Georgia Electric Membership Corp.*, 201 *Ga.* 689, 690 (40 S. E. 2d, 750). The ordinance in question and the amendment thereto were alleged to have been passed by the Mayor and Aldermen of the City of Milledgeville, and are therefore presumed to have been legally and properly passed. The demurrer to the ordinance as alleged and set out in Exhibit B was properly overruled.

■ We are of the opinion, and so hold, that the petition alleged facts sufficient to warrant submission of evidence in support thereof to a jury on the issues of whether the defendant's operation of the truck constituted either ordinary negligence or negligence per se, or both, and whether such negligence, if any, was the proximate cause of the injury and damage to the plaintiff. The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*