## 34496. ATLANTA & WEST POINT RAILROAD COMPANY v. McDONALD.

DECIDED JUNE 12, 1953—REHEARING DENIED JULY 14, 1953.

*Burt DeRieux, Marshall, Greene, Baird & Neely,* for plaintiff in error.

*Jeptha C. Tanksley,* contra.

WORRILL, J. Mrs. Belle McDonald sued Atlanta & West Point Railroad Company for damages for the death of her husband, which was alleged to have resulted from a fall into a pit onto some timbers forming the bottom thereof. The defendant demurred generally and specially, and the plaintiff amended her petition, said amendment being allowed subject to demurrer and filed on May 20, 1952, at the May term of the Fulton Superior Court, and a copy of the same being served on counsel of record for the defendant on the same date, as appears in the record before this court. It appears from the bill of exceptions that on November 25, 1952, at the November term of the said court, the case came on for a hearing, and the defendant not having previously renewed its demurrers to the petition, its counsel made an oral motion to renew the demurrers previously filed, except certain grounds thereof which were then withdrawn, and at the same time made an oral motion to strike certain paragraphs of the amended petition, "on the ground that said

516

paragraphs were irrelevant and immaterial." The judge of the superior court entered an order overruling all the grounds of demurrer not withdrawn by the defendant, and overruling the said oral motion to strike the stated paragraphs of the petition as amended. The exception here is to that order.

■ "A demurrer to the original petition does not cover the petition after it has been materially amended. . . If the demurrer is still relied upon it should be renewed or insisted upon after the amendment has been allowed." *General Accident, &c. Assurance Corp.* v. *Way,* 20 *Ga. App.* 106 (2) (92 S. E. 650); *Smith* v. *Dalton Ice Co.,* 45 *Ga. App.* 447 (1) (165 S. E. 144); *Livingston* v. *Barnett,* 193 *Ga.* 640 (1) (19 S. E. 2d 385). A special demurrer to an amended petition must ordinarily be filed at the same term of court at which the amendment was allowed. The filing of a special demurrer after the time allowed by law is good reason for the court to overrule the same. *Smith* v. *Aultman,* 30 *Ga. App.* 507 (4) (118 S. E. 459). Assuming that a mere oral motion to renew the special demurrers was sufficient, the record and bill of exceptions in this case, as set forth in the statement of facts, show that the special demurrers were not renewed until the third term after the allowance of the amendment. Under such circumstances and under the foregoing authorities, the renewal came too late for the court to consider it, and the judge of the superior court did not err in overruling the special demurrers to the petition as amended.

■ It appears from the bill of exceptions that the oral motion to strike paragraphs 13 (a), 14 (a), 15 (a), 22, and 34 through 43 of the petition as amended was made on the ground "that said paragraphs were irrelevant and immaterial." "A motion to strike is nothing more than a demurrer." *Holcombe* v. *Jones,* 197 *Ga.* 825, 829 (30 S. E. 2d 903). As such it is subject to all the rules relating to demurrers and should be sustained or overruled for the same reasons as a written demurrer on the same grounds should be sustained or overruled. A demurrer, being a critic, must itself be free from imperfections. It must, as has been said, lay its finger, so to speak, on the very point. Consequently, a demurrer, whether it be denominated general or special, which attacks as a group several paragraphs of a petition on the ground that the same are irrelevant and immaterial, but

without pointing out wherein or how such listed paragraphs are irrelevant and immaterial, is itself subject to criticism in that it is incomplete and imperfect. Such a demurrer will not be considered by the reviewing court. *Douglas, Augusta &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550, 556 (59 S. E. 600); *Dunn* v. *Freeman,* 24 *Ga. App.* 504 (5) (101 S. E. 393); *Central of Georgia Ry. Co.* v. *Sharpe,* 83 *Ga. App.* 12, 22 (3) (62 S. E. 2d 427); *Veal* v. *Beall,* 189 *Ga.* 31 (2), 34 (5 S. E. 2d 5); *Bowen* v. *Samuels,* 204 *Ga.* 718 (2), 720 (51 S. E. 2d 667). Under the foregoing rues of law, the trial court did not err in overruling the oral motion to strike the paragraphs referred to therein.

■ The petition as amended is quite lengthy. In substance it alleges: that the plaintiff's husband was employed by the defendant railroad in its shops in Fulton County as a carpenter; that the deceased received fatal injuries while working under the direction of the defendant and in and about its premises on September 8, 1951, at about 4:10 p. m.; that at the time of the injury the deceased was assisting in the removal from a pit of some timbers that had served as a base or foundation for a steam hammer; that the timbers were 12″ by 12″ by 10′ creosoted timbers and were very heavy; that the bottom of the pit from which the timbers were being removed was about 4 feet below ground level, said bottom being formed by several layers of the 12″ by 12″ timbers; that the floor of the pit thus formed by the said timbers, and over and about which the men were working, was of unusual hardness and density and thereby much more likely to cause injury to one falling into the pit; that the defendant with its much greater skill, training, and knowledge knew or should have known of the danger incident to working over and about this pit so floored, but the deceased, having less skill, training and knowledge, did not have equal means with the defendant of knowing nor could he by the exercise of ordinary care have known of such danger; that the defendant failed to warn the deceased of this danger; that the removal of the timbers was an arduous, vexing, and engrossing task for which the defendant should have furnished proper plans and constant and careful direction and supervision, but defendant failed to furnish such plans, nor did it furnish such supervision, in that the foreman in charge of the crew engaged in the task of removal of the

said timbers from the said pit absented himself from the scene just prior to the injury to the deceased; that the defendants provided a chain hoist for the job of removing the timbers from the pit, which hoist was defective in that it would "lock up" and require an unusual amount of pulling, straining, and struggling on the part of the deceased and his fellow workmen in order to actuate it; that the deceased did not know of the defect in the chain hoist at the time he began working at this particular job; and that the deceased was injured in the following manner: he was called in by the workmen who were engaged in the task of removing the timbers from the pit to render assistance in removing one timber which the workmen had standing on end in the pit, but which they were unable to either remove or to lower back into the pit without assistance; by reason of that fact, an emergency existed which prevented the deceased from fully appraising the situation before he entered into the task; the deceased and two other workmen were pulling on the single chain of the hoist, the deceased being in the middle, and he was crowded out of his position by the other two workmen and caused thereby to fall into the pit, striking his head on the hard timbers forming the bottom thereof, and fracturing his skull, from which injuries he died.

The petition alleged that the defendant failed to provide guard rails or hand rails around the pit, which the deceased might have caught to prevent himself from falling, and failed to provide boards or planks or other supports across or about the pit to reduce the severity of a fall upon the floor of the same, and that in these respects the defendant was negligent. It was further alleged that the defendant was negligent in providing an insufficient number of workmen to accomplish the task of removing the timbers from the pit in a safe manner, in knowingly providing a defective chain hoist for use in this work, in permitting the deceased to work with a defective chain hoist without warning him of the defect in the same, in permitting the deceased to work over and about the pit with a floor surface of extreme density and hardness without warning him of the danger involved, in failing to provide the workmen performing the task with any plans or method of procedure for accomplishing the arduous and vexing task, in permitting the workmen to perform the task with-

out proper or adequate or constant supervision in the person of the foreman on the job; and in that the two fellow-workmen of the deceased were negligent in crowding him out of his position at the chain hoist and thus causing him to fall into the said pit. The plaintiff alleged the age, life expectancy of her husband, and the damages claimed.

The test of the sufficiency of a petition to withstand the attacks of a general demurrer is whether the defendant can admit the truth of the well-pleaded allegations therein and yet escape liability to the plaintiff. *Lancaster* v. *Monroe*, 45 *Ga. App.* 496 (4) (165 S. E. 302); *Mizell* v. *Byington*, 73 *Ga. App.* 872, 875 (38 S. E. 2d 692); *City of Albany* v. *Lippitt*, 191 *Ga.* 756, 759 (13 S. E. 2d 807). Questions of negligence, contributory negligence, cause, proximate cause, and damages are questions exclusively for the jury, and except in plain, palpable and indisputable cases such questions should not be decided on demurrer. *Southern Ry. Co.* v. *Florence*, 81 *Ga. App.* 1, 6 (57 S. E. 2d 856); *Townley* v. *Rich's, Inc.*, 84 *Ga. App.* 772, 775 (67 S. E. 2d 403). The plaintiff in this case has alleged that her husband was negligently injured and died as the result of such negligent injuries received while actually on the job and in the employment of the defendant, and she alleges numerous acts and omissions on the part of the defendant as constituting negligence and the proximate cause of her husband's injuries. As against a general demurrer, the allegations of the petition were sufficient, and we cannot rule as a matter of law that the plaintiff, under the facts alleged, is not entitled to recover for the death of her husband. The petition stated a cause of action, and the judge of the superior court did not err in overruling the general demurrer.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*