## 39155. NATIONAL SURETY CORPORATION v. HUNT, Executor, *et al.*

EBERHARDT, Judge. The original petition in this case was filed in Elbert Superior Court September 12, 1958, against three defendants. One defendant, Hunt, filed his general demurrer to the petition October 9, 1958, and another, Eaves, filed his general demurrer October 10, 1958. On November 18, 1960, Hunt filed a written renewal of his general demurrer to the petition, "as amended." However, there was no amendment to the petition filed or allowed until June 26, 1961, when a material amendment was allowed and filed. On August 12, 1961, an order was entered sustaining the general demurrer of Hunt, and on the same date the general demurrer of Eaves was likewise sustained. Nothing in the record, or in the orders, indicates that the demurrers were renewed at any time after the allowance and filing of the amendment. "A demurrer to the original petition does not cover the petition after it has been materially amended [citation]. If the demurrer is still relied upon, it should be renewed or insisted upon *after the amendment has been allowed.*" (Emphasis supplied). *General Acc. Fire &c. Corp. v. Way,* 20 Ga. App. 106 (2) (92 SE 650). "A bill having been demurred to and an amendment made in regard to material matters, the original demurrer does not relate forward and cover both bill and amendment." *Powell v. Cheshire,* 70 Ga. 357 (2b) (48 AR 572). "The fact that the judge in overruling the demurrers considered them as covering the amended petition is immaterial." *Satlof v. State of Georgia,* 52 Ga. App. 208 (182 SE 864). (A fortiori, in the sustaining of a demurrer). And see *Atlanta &c. R. Co. v. McDonald,* 88 Ga. App. 515, 516 (76 SE2d 825); Leverett, Hall, Christopher, Georgia Procedure & Practice § 9-11. Failure to renew a demurrer after the petition is materially amended will be treated as an abandonment of the demurrer. *Collins v. Louisville &c. R. Co.,* 92 Ga. App. 814, 816 (89 SE2d 908). (However, the renewal or re-insistence upon the demurrer may be done orally as well as in writing. *Pollock v. City of Albany,* 88 Ga. App. 737, 740, 77 SE2d 579). Thus, the sustaining of the general demurrers to the original petition did not dispose of or have the effect of dismissing the petition as amended here,

and there is no final judgment reviewable in this court upon the bill of exceptions. *Code* § 6-701, as amended. "This court is without jurisdiction to entertain a bill of exceptions which fails to except to a final judgment." *Southern Ry. Co. v. Floyd County*, 37 Ga. App. 689, 691 (141 SE 497); *Willis v. Daniel*, 39 Ga. App. 670 (148 SE 301).

Accordingly, the bill of exceptions must be, and it is hereby

*Dismissed. Carlisle, P. J., and Custer, J., concur.*

DECIDED NOVEMBER 20, 1961—REHEARING DENIED DECEMBER 12, 1961.

*I. A. Blanch, J. B. McGinty,* for plaintiff in error.
*Williford & Grant, J. T. Sisk,* contra.