39337, 39353. OXFORD, Commissioner v. SHUMAN;
and vice versa.

74

DECIDED APRIL 11, 1962—REHEARING DENIED MAY 17, 1962.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General, John A. Blackmon, Deputy Assistant Attorney General,* for plaintiff in error.

*Louis A. Thompson,* contra.

EBERHARDT, Judge.  Jack W. Shuman, doing business under a number of trade names, filed suit against Dixon Oxford as State Revenue Commissioner for alleged overpayment of sales and use taxes.  Shuman will be referred to as "taxpayer" and Oxford as the "Commissioner".  The procedural details of the case and the allegations of the petition appear more fully in the opinion.  In the main bill of exceptions, the Commissioner assigns error on the overruling of his general and special demurrers to taxpayer's petition as amended.  Taxpayer seeks in the cross-bill review of several rulings, viz., (1) sustaining one of the Commissioner's special demurrers and the subsequent striking of the paragraph to which the demurrer related; (2) overruling his general and special demurrers to the Commissioner's answer, and (3) overruling his motion to strike the Commissioner's answer and enter a default judgment in taxpayer's favor.

■  The defendant in error (taxpayer) in Case No. 39337 has filed a motion to dismiss the writ of error on a number of grounds, viz., (a) the plaintiff in error failed to renew in writing his demurrers, both general and special; (b) the "final" set of demurrers has never been passed on by the trial court and the

appeal is premature; (c) error is not assigned on the overruling of the "renewed" demurrers; (d) in orally renewing the demurrers, it was not specified which of the two previous *sets* of demurrers was renewed; and (e) the "renewal" did not specify which demurrers, general, special or both, were renewed.

At least as to the Commissioner's general demurrer, we find that taxpayer's contentions are without merit. When a petition to which a general demurrer is addressed is materially amended there is, of course, a necessity that the demurrer to the petition, as amended, be renewed or reinsisted upon, or it will be deemed to have been abandoned. *National Surety Corp. v. Hunt,* 105 Ga. App. 101 (123 SE2d 558), and cases there cited. While a general demurrer must be in writing and filed within the time provided in *Code Ann.* § 81-301, a motion in the nature of a general demurrer to strike or to dismiss may be made orally at any time prior to verdict (*Gibbs v. Forrester,* 204 Ga. 545, 548 (2), 50 SE2d 318; *McFarland v. Business Men's Assur. Co.,* 105 Ga. App. 209 (6), 124 SE2d 423) and, since this is true, it must follow that a general demurrer may be renewed orally. *Pollock v. City of Albany,* 88 Ga. App. 737 (1) (77 SE2d 579). A special demurrer must always be in writing. *Martin v. Gurley,* 74 Ga. App. 642 (1) (40 SE2d 787).[1] Since this is true it would seem to follow that if that portion of the pleading to which a special demurrer is directed is subsequently amended it would be necessary to renew the demurrer in writing in order to invoke any ruling thereon. But see on this question, *Thornton & Warren v. Cordell,* 8 Ga. App. 588 (2) (70 SE 17); *Chandler v. Pennington,* 89 Ga. App. 676 (5) (80 SE2d 843). Compare *Atlanta &c. R. Co. v. McDonald,* 88 Ga. App. 515, 516 (1) (76 SE2d 825) and *City of Manchester v. Beavers,* 38 Ga. App. 337, 338 (1) (144 SE 11) with the above cases.

It is unnecessary, however, that we here make any ruling on this question since the amendment to which a number of the

[1] The case of *Keith v. Darby,* 104 Ga. App. 624 (3) (122 SE2d 463) is not authority for a contrary holding for it does not appear that the question was raised or dealt with in the trial court or on appeal.

demurrers were directed was withdrawn and all demurrers addressed to the paragraph of the petition to which the amendment related have been expressly abandoned. Remaining special demurrers directed to portions of the petition *unaffected by the amendment* do not have to be renewed merely because some other part of the petition is subsequently amended. They stand until the portion of the pleading to which they are directed is changed by amendment, or until they are otherwise disposed of. Any other ruling would simply result in an unnecessary encumbering of the record. Consequently, as to special demurrers occupying this posture it was not necessary that after plaintiff amended there be any renewal thereof, either orally or in writing, in order to obtain a ruling thereon. Moreover, the bill of exceptions recites that the demurrers were renewed, and this recitation, when approved by the trial court's certificate, is binding. *Code* § 6-806, as amended. *Madison v. Montgomery,* 206 Ga. 199, 205 (56 SE2d 292); *Spear v. State,* 17 Ga. App. 540 (1) (87 SE 826). Further, where a bill of exceptions presents several questions for adjudication and some of them are properly here, the motion to dismiss the writ of error must be denied. *Hill v. State,* 118 Ga. 21 (1) (44 SE 820); *Goodman v. Mitcham,* 160 Ga. 546 (1) (128 SE 793); *Wade v. Penn,* 88 Ga. App. 20 (1) (75 SE2d 845).

■ The Commissioner urges his general demurrer on three points: (a) that this suit is, in reality, an appeal from an assessment; (b) that, if this is a suit for refund, taxpayer must set out his "true and correct" tax liability for the period in issue; and (c) that *Code* § 20-1007 bars this suit.

■ If this suit be held an appeal from an assessment, it would be barred by the thirty-day limitation on appeals in Ga. L. 1937-38, Ex. Sess., as amended (*Code Ann.* § 92-8446). However, by the terms of this Code section suits for refund are specifically excepted from the limitation. Taxpayer denominates the suit as one for refund, but what a pleading is called by the pleader is not controlling. See, *Keith v. Darby,* 104 Ga. App. 624 (3), supra; *Shaheen v. Kiker,* 105 Ga. App. 692 (2) (125 SE2d 541); Leverett, Hall & Christopher, Georgia Procedure & Practice, p. 208, § 9-5.

The main basis for the Commissioner's contention that this is an appeal is that the petition alleges numerous errors in the "Purported assessment." An exhibit is attached to the petition and it is labeled "Auditor's report of examination (Assessment) September 17, 1956." It is alleged that the figure shown in this exhibit ($38,215.81) included net tax due, interest and penalties and that it was paid on the date of its presentation to taxpayer by one of the Commissioner's agents. Whether or not there was an "assessment" in the technical sense of the word[1] the taxpayer has paid his money, which he says was illegally exacted of him, and now wants it back. Once the money has been paid, there is no "assessment" from which to appeal. We construe this suit not to be an appeal from an assessment but a suit for refund. Even if this were not true, the Sales Tax Act specifically provides that "Upon any claim of illegal assessment *and* collection the taxpayer shall have his remedy under [*Code*] section 92-8445 et seq. [appeal from Commissioner's order], *and* also shall be allowed to file claims for refund in the manner authorized by the general law." Ga. L. 1951, p. 382 (*Code Ann.* § 92-3434a) (Emphasis added). Thus a suit for refund is authorized and that is what taxpayer here has filed. "A petition that sets forth a valid cause of action on any theory is not subject to general demurrer." *Griffith v. Newman,* 217 Ga. 533 (1) (123 SE2d 723).

█ The procedure for obtaining refunds from the Commissioner is governed by Ga. L. 1937-38, Ex. Sess., p. 94, as amended (*Code Ann.* § 92-8436b). The appropriate portion of that law reads, "In any case in which it shall be determined that an erroneous or illegal collection of tax or license has been made by the Commissioner, the taxpayer from whom such tax or license was collected may, at any time within three years after the date of the payment of same to the State Revenue Commissioner, file a claim for refund with the said Commissioner in writing and in such form and containing such information as the Commissioner may require, to include a summary statement of the

---

[1]See *Georgia R. &c. Co. v. Redwine,* 208 Ga. 261, 266 (66 SE2d 234).

grounds upon which the taxpayer relies. . . The Commissioner or his delegate shall consider information contained in taxpayer's claims for refund and such other information as may be available and shall approve or disapprove the taxpayer's claim and notify such taxpayer of his action. . . Provided, further, that any taxpayer whose claim for refund is denied by the Commissioner or his delegate . . . shall have the right to sue for refund in the superior court of the county of the residence of the taxpayer. . . No suit or proceeding for the recovery of a refund hereunder shall be begun before the expiration of one year from the date of filing the claim for refund unless the State Revenue Commissioner or his delegate renders a decision thereon within that time, nor after the expiration of two years from the date said claim is denied. . ."

Here the date of payment was September 17, 1956. Within three years (July 7, 1959), taxpayer filed his claim for refund with the Commissioner, which claim allegedly "contained such information as the said State Revenue Commissioner required, including a summary statement of the grounds upon which your petitioner, as taxpayer, relied; and said completed form being now on file with the State Revenue Commissioner. . ." The Commissioner denied the claim on April 13, 1960. Within two years from the date the claim was denied (August 19, 1960), taxpayer filed this suit. Thus, every specific requirement of the controlling statute has been met by the allegations of this petition.

But the Commissioner urges us to go further and require that taxpayer allege his "true and correct tax liability" for the period in question. He bases his contention on a number of Federal cases such as Decker v. Korth, 219 F2d 732, 737 (10th Cir.). We have examined all of the cases cited and find that they are all readily distinguishable because each of them involved an appellate review *after* the trial of the case. In each instance, the court was concerned with whether or not the taxpayer *proved* his "true and correct tax liability" in order that the amount sought as a refund could be determined. The cases are not rulings on the pleadings. Even if these cases were in no respect distinguishable, we would be quite reluctant to put an

additional pleading burden on a taxpayer which is not required in the plain terms of the statute set out above. We find no ambiguity here, but if there were, we would be bound to interpret the statute in favor of taxpayer. *Oxford v. Chance,* 104 Ga. App. 310, 313 (121 SE2d 825); *Novak v. Redwine,* 89 Ga. App. 755, 757 (81 SE2d 222); *Twentieth Cent. Fox Corp. v. Phillips,* 76 Ga. App. 825 (2), 830 (47 SE2d 183).

A suit for refund such as we here deal with, authorized by the provisions of statute, is one in assumpsit for money had and received. The allegations in the petition are sufficient to meet the test for such an action, which will lie in all cases where another has received money which the plaintiff, *ex aequo et bono,* is entitled to recover and which the defendant is not entitled in good conscience to retain. *Whitehead v. Peck,* 1 Ga. 140; *Dill v. Jones,* 3 Ga. 79; *Knight v. Roberts,* 17 Ga. App. 527 (87 SE 809); *Zapf Realty Co. v. Brown,* 26 Ga. App. 443 (106 SE 748); *Swafford v. Certified Finance Co.,* 90 Ga. App. 83 (82 SE2d 168); *Empire Oil Co. v. Lynch,* 106 Ga. App. 42.

■ By supplemental brief, the Commissioner urges the application of *Code* § 20-1007 barring recovery of voluntary payments of taxes and other claims except under certain special conditions. It has previously been held that this general Code section did not apply where there was a specific statute relative to the tax collected. *Kiser & Co. v. Doyal,* 51 Ga. App. 30 (1) (179 SE 578), aff'd. by operation of law, 182 Ga. 175 (184 SE 860) (gross sales tax); *State Revenue Commission v. Alexander,* 54 Ga. App. 295 (187 SE 707) (income tax). We have discussed the specific statute above (*Code Ann.* § 92-8436) which applies here, and *Code* § 20-1007 affords no basis for sustaining this demurrer.

The trial court properly overruled the Commissioner's general demurrer.

■ Turning now to the special demurrers, we find that there were eighty-six of them. "Reasonable definiteness and certainty in pleading is all that should be required; and factitious demands by special demurrer should not be encouraged." *Busby v. Marshall,* 3 Ga. App. 764 (60 SE 376). "The special demurrer

is rapidly outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement [of *Code* § 81-101] that a plaintiff shall 'plainly, fully and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." *Fuller v. Inman,* 10 Ga. App. 680, 693 (3) (74 SE 287).

Properly and wisely employed, a special demurrer is a valuable tool for bringing the issue into focus. But if a petition can and does withstand the assault of a general demurrer it ought not to be eroded away by the nibbling of multitudinous special demurrers, often picayunish in nature and which amount to no more than an exercise in polemics.[3]

In their brief counsel for the Commissioner, recognizing the lack of necessity in considering the judgment overruling demurrers directed to taxpayer's withdrawn amendment, have specifically abandoned grounds 26 through 57 and have also abandoned grounds 10, 13, 14, 15 and 16, but insist upon all others.

Reviewing the chronological order of the pleadings, we find that, after the original petition was filed (August 19, 1960) the Commissioner filed both general and special demurrers (September 22, 1960, within thirty days of service). The Commissioner abandoned all but one of his special demurrers before any ruling thereon. The trial judge then sustained the remaining special demurrer with leave to amend and overruled the general demurrer. Taxpayer filed his amendment in response to this ruling (January 30, 1961). The Commissioner filed a general demurrer and eighty-six special demurrers to the petition as amended

---

[3]For a case dealing with numerous trivial assignments of error on excerpts from the charge of the court see *Griffin v. State,* 15 Ga. App. 520 (83 SE 891).

(February 17, 1961). When the demurrers came on for a hearing, taxpayer amended his petition to its previous form, striking the amendment of January 30, 1961 (October 27, 1961). The Commissioner then orally renewed his demurrers last filed (November 6, 1961). Thereupon, the trial judge, pursuant to the previous ruling sustaining the one special demurrer, ordered the paragraph of the petition to which the eliminated amendment related stricken and overruled all other demurrers.

A rule well recognized is that a special demurrer must attack the alleged defect at the first opportunity, and that an amendment to a petition, made after the time specified for demurring in *Code* § 81-301, as amended, will not open the petition to special demurrers where, if the petition was defective as contended, the defect was apparent before, as well as after, the amendment. *Wardlaw v. Southern R. Co.*, 199 Ga. 97, 99 (33 SE2d 304); *Pierce v. Harrison*, 199 Ga. 197 (5) (33 SE2d 680); *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (2) (70 SE2d 734); *Bullard v. Bullard*, 214 Ga. 122, 123 (103 SE2d 570); *Levy v. Logan*, 99 Ga. App. 253 (3) (108 SE2d 307); *Spielberg v. McEntire*, 105 Ga. App. 545 (125 SE2d 134). This rule is applicable to the situation here. When the Commissioner filed his second set of special demurrers (all of the first set save one having been abandoned) on February 17, 1961, these, of necessity, related either to the amendment or to portions of the petition not affected by it. As to the demurrers relating to the amendment, there was nothing on which they could operate after the amendment was stricken. But what of the others?

Counsel for the Commissioner recognize that these demurrers were filed beyond the time fixed by *Code* § 81-301, as amended, but urge that, since no motion was made to dismiss them on that ground, a waiver of their late filing resulted, citing *Mayo v. Owen*, 207 Ga. 641 (63 SE2d 649); *Bennett v. Rewis*, 211 Ga. 507, 510 (87 SE2d 52); and *United Jewelers, Inc. v. Emanuel Burton Diamond Co.*, 214 Ga. 170 (1) (104 SE2d 87).

We think that the rationale of these cases is that if one *invokes* a ruling upon a special demurrer that was filed too late he thereby waives the time of filing. In *Mayo* the court ruled that ". . . the parties, having *procured* this ruling, are held

to have waived the time of filing." (Emphasis supplied). While it was pointed out in *Bennett* that a late filing of the demurrers would have authorized the dismissal rather than an overruling of them, such was obiter, for it was there actually held that the demurrers, lacking merit, were not erroneously overruled, and the same is true in *United Jewelers*. The record here does not specifically disclose whether the judgment of the trial court overruling the demurrers was invoked by the taxpayer or by the Commissioner, but by reciting that the Commissioner "renewed his demurrers and the trial court ruled on them," it does so inferentially. Further, in the absence of any specific recital to the contrary, we think that it must be presumed that he who prepared and filed the demurrers invoked the ruling on them. Thus, there was no waiver by taxpayer.

Moreover, we find that the Supreme Court in the older case (full bench) of *City Council of Augusta v. Lombard,* 101 Ga. 724 (2) (28 SE 994) held that " . . . the filing of the special demurrer after the time allowed by law, is a good reason why the court should overrule and disallow it." In *Ford v. Fargason,* 120 Ga. 708 (1) (48 SE 180), another full-bench decision, it was held "Special demurrers to petitions or to answers should be filed before the trial term, and when not so filed *can not be considered.*" (Emphasis added.)[4] Accord: *Brown v. Georgia, Carolina &c. R. Co.,* 119 Ga. 88 (1) (46 SE 71) (full bench); *Atlanta & W. P. R. Co. v. McDonald,* 88 Ga. App. 515 (1) (76 SE2d 825). In *Neal v. Davis Foundry &c. Works,* 131 Ga. 701, 704 (63 SE 221), again a full-bench decision, it was asserted, with reference to a special demurrer that came too late, "the practical effect . . . is the same whether it be stricken or overruled," citing *Green v. Hambrick,* 118 Ga. 569 (45 SE 420). To the same effect is *Stembridge v. Family Finance Co.,* 49 Ga.

[4]The instant case is not affected by Ga. L. 1962, p. 687, approved March 6, 1962, which provides that counsel may extend the time for filing defensive pleadings for not more than 30 days if there is a written agreement to this effect filed with the clerk. The statute also has certain provisions relative to the trial term of a case under such an agreement.

App. 353 (2) (175 SE 663) where it was said "since the [special] demurrer . . . was too late, . . . the judgment will be taken as merely overruling the demurrer *because of its belated filing.*" (Emphasis added). And see *McMillen v. Walker,* 88 Ga. App. 715, 717 (77 SE2d 557) wherein *Stembridge* was interpreted as meaning that the court "would *presume* that the demurrer was overruled because of its belated filing." (Emphasis added). This court, in *Smith v. Aultman,* 30 Ga. App. 507 (4) (118 SE 459), a decision by Judge Bell, later Chief Justice of the Supreme Court, said: "The filing of a special demurrer after the time allowed by law is a good reason why the court should overrule and disallow it," citing *Lombard* and *Ford,* supra, and *Bank of Norwood v. Chapman,* 19 Ga. App. 709 (1) (92 SE 225). "It was not error to overrule the special demurrers, which were filed after the return term." *Pope v. Williams,* 70 Ga. App. 834 (1) (29 SE2d 808). "The further grounds of demurrer to this paragraph, in regard to matters not affected by the amendment thereto, and the demurrer to paragraph 17 of the petition, filed after the appearance day of the case although this paragraph was not amended at all, were properly overruled, as these demurrers came too late." *Atlantic Co. v. Jones,* 86 Ga. App. 515, 520 (71 SE2d 824). On the other hand, it has been held error to *sustain* special demurrers that were filed too late. *Ford v. Fargason,* 120 Ga. 708 (1), supra; *Garner v. Wolport,* 84 Ga. App. 876 (1a) (67 SE2d 824). Further instances of an application of the above principles in varying factual circumstances may be found in *Southern Cotton Oil Co. v. Raines,* 171 Ga. 154, 156 (1) (155 SE 484); and *City of Manchester v. Beavers,* 38 Ga. App. 337 (1), supra.

We cannot escape the conclusion that the Commissioner's special demurrers filed February 17, 1961, came too late, and that under the last quoted authorities, which we deem to be controlling, they were properly overruled.

■ On the cross-bill of exceptions, taxpayer complains of a ruling striking a paragraph of his original petition on the Commissioner's motion. The motion was made after a special demurrer to the paragraph was sustained with leave to amend and taxpayer failed to amend. The Commissioner contends that

these rulings are not reviewable by this court under the provisions of *Code* § 81-1001, as amended. While this is undoubtedly true as to the sustaining of a special demurrer with leave to amend, yet where there is a failure to amend and the trial court subsequently strikes a paragraph there is a final order which is reviewable here. *Fulton Air Service v. Lake,* 104 Ga. App. 417 (2) (121 SE2d 799) ; *Gowan v. Andrews,* 100 Ga. App. 483 (1) (111 SE2d 640) ; *Queen v. Craven,* 95 Ga. App. 178 (1) (97 SE2d 523). On examination of the special demurrer, we find that its form is improper in that reference must be had to the prayer in order to determine what information the demurrer demands. Taxpayer must prevail on this point because of the oft repeated rule that a special demurrer, being a critic, must be free from imperfections. *Gowan v. Andrews,* 100 Ga. App. 483 (2), supra; Leverett, Hall & Christopher, Georgia Procedure & Practice, p. 208, § 9-5. Even if in proper form, the demurrer seeks to have the taxpayer allege his "true and correct" tax liability, which is not necessary under the ruling in the preceding division of this opinion, and, in addition, seeks to impose on the taxpayer the impermissible requirement that he plead his evidence. *Norman v. Norman,* 99 Ga. App. 755, 759 (2) (109 SE2d 900) ; *Ritzert v. Bulloch County,* 100 Ga. App. 686 (3) (112 SE2d 235) ; *Hewitt v. Malone,* 105 Ga. App. 281 (1) (124 SE2d 501). The Commissioner, by this demurrer, seeks to have taxpayer plead what amounts substantially to a detailed audit of his businesses for each month within the period for which the alleged overpayment of taxes was made. If evidentiary matter were pleaded it would thereby render the petition subject to demurrer on that ground. *Martin v. Greer,* 31 Ga. App. 625 (2) (121 SE 688) ; *Phipps Lumber Co. v. Albany Hdw. &c. Co.,* 42 Ga. App. 820 (157 SE 702) ; *Maynard v. Armour Fertilizer Works,* 138 Ga. 549, 554 (75 SE 582) ; *Alabama Const. Co. v. Continental Car &c. Co.,* 131 Ga. 365, 367 (62 SE 160).

"Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need

not and should not be set forth in the pleadings. *Brown v. Georgia Cotton Growers Co-op Assn.,* 164 Ga. 712 (139 SE 417); *Boney v. Cheshire,* 147 Ga. 30 (92 SE 636); *Woodruff v. Hughes,* 2 Ga. App. 361 (58 SE 551); *Hunter v. Lissner,* 1 Ga. App. 1 (58 SE 54)." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Tanner v. National Cas. Co.,* 214 Ga. 705 (1b) (107 SE2d 182).

It was error to sustain the Commissioner's special demurrer and later to strike the attacked paragraph.

██ Taxpayer demurred both generally and specially to the Commissioner's answer. Both demurrers proceed on the ground that while the original petition was verified, the answer was not. This failure to meet the requirements of *Code* § 81-401 was cured when the State Revenue Commissioner's personal verification of the answer was filed before a hearing on the demurrers. Taxpayer failed to renew the demurrers after this amendment, which was material as to the basis of his demurrers, and they therefore became "extinct and nugatory." *Holliday v. Pope,* 205 Ga. 301, 308 (53 SE2d 350) and citations. The court's subsequent overruling of these demurrers was not error.

██ The Commissioner's deposition was later taken and he then testified that the morning of the deposition was the first time he had heard of the case. Taxpayer uses this deposition as the basis of a motion to strike the verification and, consequently, the answer and then enter a default judgment in his behalf. While it is true that the oath required for a verification should not be treated lightly,[5] evidence cannot be considered in this ruling on the pleadings.[6] See *Neal v. Davis Foundry &c. Works,* 131 Ga. 701 (1), supra. There is no merit in taxpayer's motion and it was properly denied.

*Affirmed on the main bill; reversed in part and affirmed in part on the cross-bill. Carlisle, P. J., and Russell, J., concur.*

---

[5]See, *Britt v. Davis,* 130 Ga. 74, 78 (60 SE 180).

[6]The procedure here is not to be confused with that under the Summary Judgment Act.